No. 1.　In the Matter of the Application of Edward J. Hannah, Appellant; Mark Goldberg, Respondent.

No. 2.　In the Matter of William S. Bennett, Respondent; Francis E. Shober, Appellant.

No. 3.　In the Matter of the Application of Martin Saxe, Respondent; Sherman S. Mornand, Appellant.

No. 4.　In the Matter of the Application of Charles W. Leffler, Respondent; Charles V. Fornes, Appellant.

No. 5.　In the Matter of the Application of Samuel Hoffman, Respondent; William Sohmer, Appellant.

No. 6.　In the Matter of the Application of Charles S. Adler, Respondent; Henry M. Goldfogle, Appellant.

No. 7.　In the Matter of the Application of Thomas Gloster, Appellant, Relative to Nominations for Member of Assembly from the Eleventh Assembly District.

No. 8.　In the Matter of the Application of Godfrey Lehner, Appellant, Relative to Nominations for Member of Assembly from the Fifth Assembly District.

No. 9.　In the Matter of the Application of Thomas F. Long, Respondent; John T. Eagleton, Appellant.

No. 10.　In the Matter of the Application of Thomas F. Long, Appellant, Relative to Nominations for Senator from the Thirteenth Senatorial District.

No. 11.　In the Matter of the Application of Thomas F. Long, Respondent, Relative to Nominations for Senator from the Thirteenth Senatorial District.

No. 12.　In the Matter of the Application of Franklin Quimby, Appellant, Relative to Nominations for Member of Congress from the Eighth Congressional District.

No. 13.　In the Matter of the Application of Samuel E. Terry, Appellant, Relative to Nominations for Member of Assembly from the Thirty-fourth Assembly District.

No. 14.  In the Matter of the Application of CHARLES H. HUSSEY, Appellant, Relative to Nominations for Member of Assembly from the Ninth Assembly District.

No. 15.  In the Matter of the Application of WILLIAM A. KERNS, Appellant, Relative to Nominations for Member of Assembly from the Thirty-second Assembly District.

No. 16.  In the Matter of the Application of THOMAS ROCK, Appellant; THOMAS F. GRADY, Respondent.

No. 17.  In the Matter of the Application of THOMAS ROCK, Respondent; THOMAS F. GRADY, Appellant.

No. 18.  In the Matter of the Application of CHARLES E. GEHRING, Respondent; THOMAS F. GRADY, Appellant.

No. 19.  In the Matter of the Application of WILLIAM B. LOGAN; HARRY B. DAVIS, Appellant; FRANCIS B. HARRISON, Respondent.

No. 20.  In the Matter of the Application of WILLIAM B. LOGAN; HARRY B. DAVIS, Appellant; JAMES B. FRAWLEY, Respondent.

No. 21.  In the Matter of the Application of WILLIAM B. LOGAN; SAMUEL GREENBERG, Appellant; LEOPOLD PRINCE, Respondent.

No. 22.  In the Matter of the Application of WILLIAM B. LOGAN; FREDRICK D. RILEY, Appellant; JAMES V. GAULY, Respondent.

No. 23.  In the Matter of the Application of HARRY B. DAVIS, Appellant, Relative to Nominations for Member of Congress from the Sixteenth Congressional District.

No. 24.  In the Matter of the Application of JAMES A. LYON, Appellant, Relative to Nominations for Senator from the Twentieth Senatorial District.

No. 25.  In the Matter of the Application of SAMUEL GREENBERG, Appellant, Relative to Nominations for Member of Assembly from the Twenty-sixth Assembly District.

No. 26. In the Matter of the Application of Frederick D. Riley, Appellant, Relative to Nominations for Member of Assembly from the Twenty-fourth Assembly District.

No. 27. In the Matter of the Application of Gustav H. Brevillier, Appellant, to Review the Determination of the Board of Elections of the City of New York on Objections to the Nominations of Matthew P. Breen et al., Respondents, for Justices of the Supreme Court, and Otto A. Rosalsky, Respondent, for Judge of the Court of General Sessions in the City of New York.

No. 28. In the Matter of the Application of Gustav H. Brevillier, Appellant, to Review the Determination of the Board of Elections of the City of New York on Objections to the Nominations of Leonard A. Geigerich et al., Respondents, for Justices of the Supreme Court.

No. 29. In the Matter of the Application of Gustav H. Brevillier, Appellant, to Review the Determination of the Board of Elections of the City of New York on Objections to the Nomination of John J. Brady, Respondent, for the Office of Justice of the Supreme Court.

No. 30. In the Matter of the Objections of Charles E. Gehring, Respondent, to a Petition Nominating Francis S. McAvoy, Appellant, as a Candidate for Justice of the Supreme Court.

No. 31. In the Mattter of the Application of Joseph B. Cunningham to Review the Determination of the Board of Elections of the City of New York Relative to the Independent Nomination of Leslie J. Tompkins, Appellant, as Candidate for Member of Assembly from the Twenty-fifth Assembly District; Frank Hendrick, Respondent.

1. Election Law — Certificate for Independent Nomination Valid, Although Made for the Nomination of More Than One Candidate. When certificates for independent nominations, made and filed under the provisions of the Election Law (L. 1896, ch. 909, §§ 57, 58 and 59), are required to be filed in the same office, one of such certificates

is not invalid because made for the nomination of more than one candidate where the electors making it are qualified to make a certificate for the nomination of all of the candidates mentioned therein.

2. INDEPENDENT NOMINATION FOR MEMBER OF ASSEMBLY — WHETHER NOMINEE DISQUALIFIED BECAUSE HE IS A COMMISSIONER OF DEEDS MUST BE DETERMINED BY ASSEMBLY IF HE BE ELECTED. The question whether a person nominated in a certificate for an independent nomination is disqualified from election as a member of assembly because he is a commissioner of deeds cannot be determined in a proceeding to review a determination of the board of elections of the city of New York as to the validity of a certificate of nomination, but must be left to the assembly to determine in case of his election.    '

·3. CONTEST BETWEEN SEVERAL SETS OF LOCAL INDEPENDENCE LEAGUE NOMINATIONS — WHEN CERTIFICATE FIRST FILED IS ENTITLED TO PREFERENCE. Where there is a contest between several sets of local Independence League nominations the certificate first filed under that title is entitled to preference, provided that, under the provisions of section 56 of the Election Law, it was filed by the same "independent body" which had made the state nominations. Whether the electors who joined in the first certificate or those who made the second certificate were the same "independent body" presents a question of fact on which the Court of Appeals is concluded by the decisions of the courts below.

(Argued October 30, 1906; decided October 30, 1906.)

APPEAL in the first above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term and sustained a decision of the board of elections of the city of New York in refusing to place the name of Edward J. Hannah on the official ballot as candidate for member of assembly for the eighteenth assembly district in the county of New York.·    ·

*David B. Hill, Herbert R. Limburg* and *Edward J. Gavegan* for appellant.

*Daniel F. Cohalan, John F. Dooling* and *Mark Goldberg* for respondent.

Appeal in the second above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which

reversed an order of Special Term and directed that the name of Francis E. Shober should not appear upon the official ballot as a candidate for member of congress from the seventeenth congressional district, except in the Democratic column.

*David B. Hill, Daniel F. Cohalan* and *Herbert R. Limburg* for appellant.

*Abraham S. Gilbert* for respondent.

Appeal in the third above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term and directed that the name of Sherman S. Mornand should not appear upon the official ballot as a candidate for senator from the eighteenth senatorial district, except in the Democratic column.

*David B. Hill, Daniel F. Cohalan* and *Herbert R. Limburg* for appellant.

*Abraham S. Gilbert* for respondent.

Appeal in the fourth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term and directed that the name of Charles V. Fornes should not appear on the official ballot as a candidate for member of congress from the eleventh congressional district, except in the Democratic column.

*David B. Hill, Daniel F. Cohalan* and *Herbert R. Limburg* for appellant.

*Abraham S. Gilbert* for respondent.

Appeal in the fifth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term and directed that the name of

William Sohmer should not be placed upon the official ballot as a candidate for senator from the twelfth senatorial district, except in the Democratic column.

*David B. Hill, Daniel F. Cohalan* and *Herbert R. Limburg* for appellant.

*Abraham S. Gilbert* for respondent.

Appeal in the sixth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term and directed that the name of Henry M. Goldfogle should not appear upon the official ballot as a candidate for member of congress from the ninth congressional district, except in the Democratic column.

*Louis Marshall* and *Charles L. Cohn* for appellant.

*Abraham S. Gilbert* for respondent.

Appeal in the seventh above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Herbert R. Limburg* for appellant.

*Daniel F. Cohalan* for respondent.

Appeal in the eighth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Herbert R. Limburg* for appellant.

*Daniel F. Cohalan* for respondent.

Appeal in the ninth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the' first judicial department, made October 26, 1906, which reversed an order of Special Term and directed that the name of . John F. Eagleton should not appear upon the official ballot as a candidate for member of assembly from the fifth assembly district, except in the Democratic column.

*Daniel F. Cohalan* and *John T. Dooling* for appellant.

*Herbert R. Limburg* for respondent.

Appeal in the tenth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Herbert R. Limburg* for appellant.

*Daniel F. Cohalan* for respondent.

Appeal in the eleventh above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Daniel F. Cohalan* and *John T. Dooling* for appellant.

*Herbert R. Limburg* for respondent.

Appeal in the twelfth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Herbert R. Limburg* and *Edward J. Gavegan* for appellant.

*Daniel F. Cohalan* for respondent.

Appeal in the thirteenth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Herbert R. Limburg* for appellant.

*Daniel F. Cohalan* for respondent.

Appeal in the fourteenth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an order of Special Term denying the application herein.

*Herbert R. Limburg* for appellant.

*Daniel F. Cohalan* for respondent.

Appeal in the fifteenth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Herbert R. Limburg* for appellant.

*Daniel F. Cohalan* for respondent.

Appeal in the sixteenth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term sustaining objections to an independent certificate purporting to nominate the petitioner as a candidate for senator from the fourteenth senatorial district.

*Michael J. Joyce, Edward J. Gavegan* and *Herbert R. Limburg* for appellant.

*Daniel F. Cohalan* and *Thomas F. Grady* for respondent.

18

Appeal in the seventeenth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term overruling objections to an independent certificate purporting to nominate the appellant herein as a candidate for senator from the fourteenth senatorial district, and directed that his name should not appear upon the official ballot, except in the Democratic column.

*Daniel F. Cohalan* and *Thomas F. Grady* for appellant.

*Michael J. Joyce, Edward J. Gavegan* and *Herbert R. Limburg* for respondent.

Appeal in the eighteenth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term overruling objections to an independent certificate purporting to nominate Thomas F. Grady as a candidate for senator from the fourteenth senatorial district and directed that his name should not appear upon the official ballot, except in the Democratic column.

*Daniel F. Cohalan* and *Thomas F. Grady* for appellant.

*Michael J. Joyce, Edward J. Gavegan* and *Herbert R. Limburg* for respondent.

Appeal in the nineteenth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term directing the name of Francis B. Harrison to be placed upon the official ballot as an independent candidate for member of congress from the sixteenth congressional district.

*Edward Hymes* and *Henry S. Dottenheim* for appellant.

*Daniel F. Cohalan* and *John T. Dooling* for respondent.

Appeal in the twentieth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term directing the name of James B. Frawley to be placed upon the official ballot as a candidate for senator from the twentieth senatorial district.

*Edward Hymes* and *Henry S. Dottenheim* for appellant.

*Daniel F. Cohalan* and *John T. Dooling* for respondent.

Appeal in the twenty-first above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term directing the name of Leopold Prince to be placed upon the official ballot as a candidate for assembly from the twenty-sixth assembly district.

*Edward Hymes* and *Henry S. Dottenheim* for appellant.

*Daniel F. Cohalan* and *John T. Dooling* for respondent.

Appeal in the twenty-second above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term directing the name of James V. Gauly to be placed upon the official ballot as an independent candidate for member of assembly from the twenty-fourth assembly district.

*Edward Hymes* and *Henry S. Dottenheim* for appellant.

*Daniel F. Cohalan* and *John T. Dooling* for respondent.

Appeal in the twenty-third above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Edward Hymes* and *Henry S. Dottenheim* for appellant.

*Daniel F. Cohalan* and *John T. Dooling* for respondent.

Appeal in the twenty-fourth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Edward Hymes* and *Henry S. Dottenheim* for appellant.

*Daniel F. Cohalan* and *John T. Dooling* for respondent.

Appeal in the twenty-fifth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Edward Hymes* and *Henry S. Dottenheim* for appellant.

*Daniel F. Cohalan* and *John T. Dooling* for respondent.

Appeal in the twenty-sixth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 26, 1906, which affirmed an order of Special Term denying the application herein.

*Edward Hymes* and *Henry S. Dottenheim* for appellant.

*Daniel F. Cohalan* and *John T. Dooling* for respondent.

Appeal in the twenty-seventh above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which affirmed an order of Special Term overruling the objections to the independent nominations of the respondents herein.

*Charles L. Jones* for appellant.

*R. Burnham Moffat, Daniel F. Cohalan, Frank S. Black* and *Melvin G. Palliser* for respondents.

Appeal in the twenty-eighth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 26, 1906, which reversed an order of Special Term and directed that the names of the respondents be placed upon the official ballot under a separate name and emblem, but not under the name and emblem of the Independence League.

*Charles L. Jones* for appellant.

*R. Burnham Moffat* and *Daniel F. Cohalan* for respondents.

Appeal in the twenty-ninth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term and directed that the name of John J. Brady be placed upon the official ballot in a separate column, but not under the name and emblem of the Independence League.

*Herbert R. Limburg* and *Melvin G. Palliser* for appellant.

*Charles L. Jones* for respondent.

Appeal in the thirtieth above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term, sustained the objections herein and directed that the name of Francis S. McAvoy be placed on the official ballot in a separate column.

*R. Burnham Moffat* and *Daniel F. Cohalan* for appellant.

*Herbert R. Limburg, Melvin G. Palliser* and *Frank S. Black* for respondent.

Appeal in the thirty-first above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 26, 1906, which reversed an order of Special Term and dismissed the proceeding herein.

*A. Welles Stump* for appellant.

*William H. Wadhams* for respondent.

*Per Curiam.* Six of the appeals before us are from orders of the Appellate Division reversing on the law, only, decisions of the Special Term. The sole question involved in these appeals is whether, when certificates for independent nominations are required to be filed in the same office, any one of such certificates shall be held invalid, because it is made for the nomination of more than one candidate; the electors making it being qualified to make a certificate for the nomination of all of the candidates mentioned therein.

We find nothing in the statute which forbids nominating certificates of this character; nor does there seem to be any practical ground which would be fatal to their validity. This is in accordance with repeated decisions of this court and of the Appellate Division, that the Election Law should be construed liberally to give effect to the will of the people. These views lead to a reversal of the order of the Appellate Division in these cases and to the affirmance of the order of the Special Term.

The foregoing relates to :

Matter of the Application of Edward J. Hannah,
Matter of the Application of William S. Bennett,
Matter of the Application of Martin Saxe,
Matter of the Application of Charles W. Leffler,
Matter of the Application of Samuel Hoffman, and
Matter of the Application of Charles S. Adler.

In certain of the other cases the order of the Appellate Division is based upon the ground that the party appealing to the Special Term from the determination of the board of

elections had no sufficient standing for that purpose; not being a party to the proceeding. In this view of the Appellate Division we concur; it being in accordance with our previous decision in *Matter of Social Democratic Party,* (182 N. Y. 442).

As to the question raised in one of the appeals, (Matter of the Application of Samuel E. Terry), that the person nominated would be disqualified from election as a member of assembly, because a commissioner of deeds, we are of opinion that that question cannot be determined in proceedings with reference to the certificate of nomination, but must be left to the assembly to determine in case of his election. The case of *People ex rel. Sherwood* v. *State Board of Canvassers,* (129 N. Y. 360), decides, only, that the court will not give a disqualified candidate affirmative relief; but it does not authorize such a proceeding as this to have a nomination declared invalid.

In the appeals relating to the nominations for judicial officers we concur in the opinion of the Appellate Division that Mr. John J. Brady could not, under the statute, be placed in the column under the emblem of the Independence League.

As to the contest between the several sets of Independence League nominations, we are of opinion that the certificate first filed under that title was entitled to preference; provided that, under the provisions of section 56 of the Election Law, it was filed by the same "independent body" which had made the state nominations. Whether the electors who joined in the first certificate, or those who made the second certificate, were the same "independent body," presented a question of fact on which the decisions of the courts below conclude us.

In the remaining cases we are of opinion, despite the forceful arguments on behalf of some of the appellants, that the objections filed raised issues of fact, the determination of which rested with the board of elections, subject to review by the Supreme Court in both branches. With such determination we cannot interfere, as the order in each of these cases is silent as to the grounds upon which it proceeds. Therefore, it

may have been based on a question of fact and we are precluded from reviewing it. This principle is equally applicable to a case where the Appellate Division has reversed, as to one where it has affirmed.

It follows that in all the other appeals, save the six cases first mentioned, the order of the Appellate Division must be affirmed.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.