(121 App. Div. 656.)

### In re DARLING.

### PEOPLE ex rel. DARLING v. DOOLING et al.

(Supreme Court, Appellate Division, First Department. October 29, 1907.)

1. ELECTIONS—FILING CERTIFICATE OF NOMINATION—STATUTES.

Election Law, Laws 1896, p. 927, c. 909, § 59, requiring certificates of party nominations to be filed with the board of elections of New York City 25 days before the election, is mandatory, and a certificate of nomination cannot be filed after the time prescribed, though the omission to file within the statutory time was due to error or oversight.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 127.]

2. SAME—FORM AND REQUISITES OF CERTIFICATES.

The minutes of a nominating convention, filed as required by Primary Election Law, Laws 1899, p. 993, c. 473, § 10, showing that a person has been nominated, and containing many of the essential elements of a certificate of nomination, as prescribed by section 56 of the election law (Laws 1896, p. 922, c. 909), cannot take the place of a certificate of nomination required by section 56; such section requiring the certificate to contain many elements not required in the minutes of the nominating convention

3. SAME—DEFECTS.

Election Law, Laws 1896, p. 931, c. 909, § 66, providing that, if a certificate of nomination be defective, the committee appointed on its face, under election law, Laws 1896, p. 922, c. 909, § 56, may supply the defect, is inoperative where no certificate of nomination was filed within the time required by law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 125.]

Clarke, J., dissenting.

Appeal from Special Term.

Applications by Joseph F. Darling to review certain proceedings in relation to his nomination as justice of the Municipal Court by the party convention, and for a writ of mandamus against John P. Dooling and others. From an order dismissing the proceeding for review and from an order denying the application for a writ of mandamus, Darling appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, and SCOTT, JJ.

Augustus N. Hand, for appellant.
Terence Farley, for respondents.

SCOTT, J. The relator, Joseph F. Darling, was nominated for justice of the Municipal Court by a party convention. The certificate of his nomination was executed in the form and manner prescribed by statute, but for some reason, probably the neglect of the person charged with the duty, was not filed with the board of elections within the time fixed by law for the filing of certificates of nomination by political parties. This time expired on October 11, 1907. On October 18th an application was made to the board of elections that the certificate of nomination of said Darling should then be filed nunc pro tunc as of October 11th. There had also been filed with the board of elections, as prescribed by section 10 of the primary election law (chapter 473, p. 993, Laws 1899), the record or minute of the convention at which Darling was nominated.

The two proceedings in which these two appeals are taken involve two questions—namely, first, whether or not a certificate of nomination by a party convention can be filed with the board of elections after the time prescribed by law for filing such certificate, because it appears from undisputed testimony that the omission to file such certificate within the statutory time was due to error or oversight; and, second, whether or not the minutes or record of the nominating convention filed as required by section 10 of the primary election law, which showed the fact that Darling had been nominated, and which contained many of the essential elements of a certificate of nomination as prescribed by section 56 of the election law should have been accepted and regarded as a certificate of nomination under the last named section. Section 59 of the election law (Laws 1896, p. 927, c. 709), provides the time for filing certificates of nomination, and requires that certificates of party nomination which are required to be filed with the board of elections of the city of New York shall be filed at least 25, and not more than 35, days before the election for which the nominations are made. It has been held that these provi-

sions of the statute are mandatory, and that the election officers are not authorized to accept a certificate of election filed after the date limited by the statute. Matter of Cuddeback, 3 App. Div. 103, 39 N. Y. Supp. 388. It is sought to distinguish the present case from the one just cited because here it appears, as it did not appear in that case, that the nomination had been regularly made by the convention and a proper certificate prepared and executed for filing, and that the failure to file it was due to the conceded inadvertence on the part of the person charged with that duty. We are unable to see that this circumstance affects the general rule; for, if the limitation of time within which the certificate is to be filed is to be considered as mandatory, there is no power in the board of elections or in the court to relieve a person from the consequences of a failure to act within the necessary time. The provision as to the time within which certificate of nomination must be filed is but a part of a general scheme embraced in the election law for nominations of party candidates and of candidates by independent nominators, and for the consideration and determination of objections which may arise thereto. Thus the election law permits the filing of objections to a certificate of nomination within three days after it is filed; and also allows the filing of independent nominations within five days after the filing of party nominations. If it should be held that the board of elections had the power to permit the filing of a certificate of nomination seven or eight days after the time fixed by the statute, the whole scheme providing for filing nominations and making objections thereto would be disorganized.

It is an unfortunate circumstance that the certificate of the relator's nomination was not filed; and we should be glad to relieve him from the consequences of this error if it were possible to do so; but, in order to hold that the board of elections should have received the certificate on October 18th, upon undisputed evidence of a mistake, it would be necessary to hold in any other case that they must receive a certificate after the date fixed by statute upon disputed evidence if they should resolve the question of fact in favor of the applicant. The Legislature has undertaken to regulate with precision the method of making nominations and the time within which certain acts must be done in order to make such nominations effective; and, while the present appears to be a hard case and one perhaps not contemplated by the Legislature, and therefore not provided for, we can find no warrant in the statute for such action by the board of elections as the relator asks us to direct.

So far as concerns the filing of the minutes or records of the convention, while that furnishes evidence that the convention nominated Mr. Darling, it cannot be accepted as the equivalent of, or in substitution for, a certificate of nomination. The filing of the minutes of the convention is provided for by section 10 of the primary law, and need not contain some of the essential elements required to be included in a certificate of nomination, which must not only be signed by the presiding officer and secretary of the convention or primary, but must have added to their signature their respective places of residences, and must be verified by the oath of such officers, and must also contain the title of the office for which the person is nominated, the name and residence

of such person, and, if in the city, the street number of the residence of such candidate and his place of business if any. It is quite clear that the minutes of the convention were not intended by the statute to be taken as a certificate of nomination, and were not filed by the convention as a certificate of nomination or intended by the officers of the convention to operate as such a certificate. It follows, therefore, that no certificate of nomination of the relator was filed with the board of elections within the time prescribed by law' for the filing of party nominations. There being no authority in the statute for the acceptance of such a certificate after the time specified, the board of elections were right in refusing to receive the certificate on the 18th of October; and, as the minutes of the convention were in no sense a certificate of nomination, there was nothing which the committee appointed under section 56 of the election law could act upon by supplying the defect under section 66, for that contemplates the supplying of defects only in the certificate of nomination, and not the alteration of a paper not originally a certificate, so as to make it a certificate.

The orders appealed from must be affirmed.

PATTERSON, P. J., and INGRAHAM, J., concur.

CLARKE, J. (dissenting). A party convention duly nominated candidates for two judicial offices. The minutes of the convention, showing the action thereof, were filed with the custodian of primary election records in due time. A duly executed certificate of nomination of each candidate was carried by an agent of the convention to the office of the said custodian within the time limited. By mistake, the certificate naming one candidate was not filed, although the certificate of the candidate for the other judicial office was filed. Apparently the messenger assumed that one certificate included both candidates. This mistake having been discovered after the time limited by the statute in which the certificates were required to be filed had expired, this court now holds that it is without power to furnish relief.

The effect of this ruling is that if the certificate of nomination of a duly nominated candidate of a party, duly executed and sent for filing, is not actually filed 25 days before election, by mistake, fraud, violence, flood, fire, or pestilence, there is no remedy. To such a doctrine I do not subscribe. As said by the Court of Appeals:

"In accordance with repeated decisions of this court and of the Appellate Division, * * * the election law should be construed liberally, to give effect to the will of the people." Matter of Independent Nominations, 186 N. Y. 266, 79 N. E. 708.

I therefore dissent.