In the Matter of the Application of EDWIN M. HARVIE for an Order Directing LEO R. CROFOOT, Clerk of the Village of Savannah, to Strike from His Records a Certificate of Nomination of Party Candidates and for an Order Restraining Him from Printing the Names of Such Candidates on the Official Ballot.

Supreme Court, Wayne Special Term, March, 1924.

Elections — petition to have illegal certificate of nomination stricken from records and to restrain printing names of candidates on ballot must be made by class of persons mentioned in Election Law of 1922, § 330 — court of equity has no summary power in such case unless given by statute.

A petition to have an illegal certificate of nomination stricken from the records of a village clerk and to restrain him from printing the names of candidates on the official ballot must be made by the class of persons mentioned in section 330 of the Election Law of 1922.

Accordingly, such a petition by a mere citizen and voter of the town must be dismissed.

Although a court of equity has inherent power to enjoin the commission of an illegal act such power is not a summary power unless expressly made so by statute.

PROCEEDINGS to strike certificate of nomination of party candidate from records of village clerk.

*Edwin M. Harvie,* in person.

*Clyde W. Knapp,* appearing specially for respondents.

SAWYER, J. It is conceded that timely filing of the alleged certificate of nomination was not had. This means that the paper, although it may be correct as to form and execution, is utterly illegal and void to operate as a certificate of nomination of the persons therein designated as candidates. It should have been rejected by the village clerk when presented for filing. *Matter of Darling,* 121 App. Div. 656. In a proper proceeding the clerk would be restrained from including the names of the proposed candidates upon the official ballots.

The Election Law as it stood prior to the enactment of chapter 588 of the Laws of 1922, provided that any question arising with reference to the legality of such a certificate might be summarily

determined by the Supreme Court or a justice thereof, upon the application of any citizen (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], § 125, as amd. by Laws of 1921, chap. 479), and under that provision this proceeding could have then been maintained by petitioner acting in his capacity of a citizen and voter of the town of Savannah.

When, however, the Election Law was revised in 1922, this provision was entirely eliminated. Section 330 of the present act, which takes its place, provides that in a case such as this, the summary jurisdiction of the Supreme Court or a justice thereof can only be exercised in a proceeding instituted by an aggrieved candidate, a chairman of a political committee or a person who shall have filed objections pursuant to section 142 of the act.

The present petitioner does not fall within either of such described classes of persons, and is, therefore, precluded from setting in motion the proceeding under the statute. Upon the argument his answer to this objection was that he was seeking his remedy not under the statute in question but from the inherent power of a court of equity to enjoin the commission of an illegal act. That the court has such power is admitted but it is not a summary power except when expressly made so by statute. Ordinarily it can only be exercised within well-defined limits and through the medium of formal actions. No summary power applicable to the instant case other than that found in section 330 of the Election Law has come to my attention, and as has been seen, petitioner is not in position to avail himself of the benefit of that provision. The respondents' preliminary objections must be, therefore, sustained, the petition dismissed and the matter relegated either to an action at law or to a summary proceeding instituted by a person specifically authorized to do so.

So ordered. No costs.

Ordered accordingly.