106 P.2d 1093

**WILSON v. GONZALES, Secretary of State.**

No. 4597.

Supreme Court of New Mexico.

Oct. 24, 1940.

Frank Wilson, of Santa Fe, pro se.

Stanley S. Rudnick and Stanley L. Drexler, both of Denver, Colo. (with Civil Liberties Union), amici curiae.

A. M. Fernandez, Asst. Atty. Gen., for respondent.

BICKLEY, Chief Justice.

The question for decision is whether mandamus will lie to compel the Secretary of State to certify to the various county clerks for the official ballot to be employed in the general election, on November 5, 1940, the names of candidates for presidential electors allegedly chosen by the Communist Party of New Mexico at a state convention held in Santa Fe in the month of August of said year, upon the faith of a purported certificate reading as follows:

"To Honorable Jessie M. Gonzales, Secretary of State of the State of New Mexico:

"State of New Mexico, County of Santa Fe—ss.

"I, Frank Wilson, Secretary of the Communist Party of the State of New Mexico, do hereby certify on oath that:

"Pursuant to the Rules heretofore filed with the Secretary of State of the State of New Mexico, the Communist Party of the State of New Mexico has on the 31st day of August, A. D. 1940, in the City of Santa Fe held its state convention for the purpose of selecting presidential electors to be placed on the ballot for the election of November 5th, 1940, which electors are to be pledged for Earl Browder, candidate for

President of the United States on the Communist Party ticket and James W. Ford, candidate for Vice President of the United States on the Communist Party ticket.

"That the names and addresses of the persons who after due deliberation were selected as presidential electors for the Communist Party candidates for President and Vice President, to appear on all ballots in the State of New Mexico in the election to be held on November 5th, 1940, are as follows:

| Name | Address |
| --- | --- |
| Geo. C. Hamilton | Roswell, New Mexico |
| Zella Rutherford | Roswell, New Mexico |
| George Dyches | Roswell, New Mexico |

"That there is hereto attached and by reference made a part hereof a copy of the slogan and a copy of the program of the Communist Party of the State of New Mexico.

"(Signed)   Frank Wilson
    "Frank Wilson, Secretary of
    the Communist Party of the
    State of New Mexico.
"(Seal)..
"Subscribed and sworn to before me this 17th day of September, A. D. 1940.
"My commission expires 7/5/42.
    "(Signed)   Rosanna Lujan
            "Notary Public"

The controlling statute specifying whatever duty rests upon the Secretary of State in this behalf is 1929 Comp., Sec. 41-302, as amended by Laws 1938, Sp.Sess., c. 5, captioned, "Certificate of nominations", and, so far as material, reads as follows:

"The chairman and secretary of every state political convention shall, not less than forty days previous to the election, certify to the secretary of state the names of all candidates nominated at such convention and the office for which each candidate has been nominated. The secretary of state shall, upon receipt of such certificate, certify the names of such candidates and the office for which each candidate has been nominated and the political party by which nominated to the county clerk of each county of the state."

We have assumed original jurisdiction on the petition of one Frank Wilson, who appears as attorney pro se, alleging that he is a resident and citizen of the State of New Mexico, duly qualified and registered to vote in the general election to be held November 5, 1940, for electors for the office of President of the United States of America, and that he intends and desires to vote for the Communist candidates for said office; that he is state secretary in and for the State of New Mexico of the Communist Party, and a member of that party.

For the purposes of our consideration of the question presented, although not proven, it will be assumed that every act had been performed which would impose upon the Secretary of State the duty to certify, as prayed, the candidates of the Communist Party of New Mexico for presidential electors, provided the proper certificate thereof, duly authenticated as required by Sec. 41-302, supra, was presented to and filed with the Secretary of State.

██ It must be borne in mind that in the United States suffrage is a privilege, franchise or trust conferred by the people upon such persons as it deems fittest to represent it in the choice of magistrates or in the performance of political duties which it would be inexpedient or inconvenient for the people to perform in a body. The object of suffrage is the continuity of government and the preservation of its benefits. The right to vote is not of necessity an incident of citizenship. The rights of the citizens are civil rights, such as liberty of person and of conscience, the right to acquire and possess property, all of which are distinguishable from the political privilege of suffrage. The right to vote is not a natural right, such as the right to personal security, personal liberty, and the right to acquire and enjoy property. It is not such a right as belongs to a man in a state of nature, and even in the organized government, he receives it as a conferred franchise. In the United States the people are the source of all political power, and it is within their power to give, refuse or restrict the elective franchise. And when conferred, it is not a vested right, but it may be taken away by the power that gave it. See McCrary on Elections, 4th Ed., Secs. 1-4.

██ It has been said that an election cannot take place without statutory regulations. All the efficacy given to the act of casting a ballot is derived from the law making power and through legislative enactment, and the Legislature must provide for and regulate the conduct of an election, or there can be none. See McCrary, Sec. 147. Legislatures may provide for the printing of an official ballot and prohibit the use of any other. Our Legislature has provided for the printing of an official ballot and has provided the means by which the Secretary of State shall ascertain the names of all candidates for elective offices who have been nominated by political parties. In the case of a political party for any of whose candidates there was cast at the last general election held preceding the time of holding a primary election, less than 15% of the total number of votes cast for the governor by all parties at such preceding general election, the convention system of nominating candidates still prevails. It is conceded that the Communist Party, if a political party, falls within this classification.

██ There is some conflict among the authorities as to whether the provisions of the statute concerning certificates of nomination are to be regarded as mandatory or directory merely. It has sometimes been held that after an election in which the ballots used contained the names of all the candidates and were treated as official by the voters, a slight departure from regularity should not taint the whole proceedings with a fatal blemish. Under such circumstances, the court justly considers the chief purposes of such laws, namely, the obtaining of a fair election and an honest return, as paramount in importance to the minor requirements which prescribed the formal steps to reach that end; and in order not to defeat the main design are

frequently led to ignore such innocent irregularities of election officers as are free from fraud and have not interfered with a full and fair expression of the voters' choice. Other courts have held the provisions of the statute concerning certificates of nomination are mandatory, and that the requirements of the law for the nomination of candidates for office must be complied with in every particular. See McCrary, Sec. 705. In 20 C.J., Elections, Sec. 146, it is said: "The making and filing of a certificate of nomination is a condition precedent to the printing of a candidate's name on the official ballot * * * Where the nomination is made at a convention, the certificate of nomination should be signed by the presiding officer and secretary of the convention."

As we have seen, this is the requirement of our statute. In Matter of Darling, 121 App.Div. 656, 106 N.Y.S. 430, affirmed 189 N.Y. 570, 82 N.E. 438, it was decided that the filing of the minutes of a convention showing that a certain person had been nominated cannot be accepted as the equivalent of a certificate of nomination.

█ We have indulged some observations as to the nature of suffrage, or the elective franchise. It is a valuable privilege, but doubtless it may be waived. Likewise, the privilege of assembly or convention of delegates representing a political party is valuable, but the results thereof may also be lost. Valuable privileges may be lost by inattention or negligence.

█ It is a principle well recognized and which needs no citation of supporting authority that mandamus will not lie to require of a public officer the performance of even a ministerial duty, unless it is clear that a duty to perform it exists. The paper relied upon does not purport to be signed by the chairman and secretary of a political convention of the Communist Party. It is not even substantially the certificate required by the statute.

██ We have not the case of mere formal defect in a certificate of nomination. There is no certificate authenticated as the statute requires. It often happens that there are factions in a convention. Suppose members of a minority faction should file with the Secretary of State a written and signed narrative of what transpired in a convention with respect to the nomination of candidates. Would the Secretary of State be obliged to accord verity to the narrated event or even authorized to do so? We think not. The officer may decline to act unless the statute is substantially complied with—and there is no substantial compliance here. Had the Secretary of State, acting erroneously, certified the names of such candidates for presidential electors upon the official ballot, and the electors had treated it as an official ballot, and a question had arisen *after* the election, then under some of the authorities heretofore mentioned, a different question might be presented. Here, we approach the matter *before* the event of an election where different considerations prevail, and we are satisfied that it would be inappropriate to

use the extraordinary writ of mandamus to compel the respondent to certify to each of the county clerks of the state the names of the candidates of the Communist Party for the offices of presidential electors, as prayed in the petition.

The alternative writ should be discharged, and it is so ordered.

ZINN, SADLER, and MABRY, JJ., and BRYAN G. JOHNSON, District Judge, concur.