477 P.2d 608

**Boston E. WITT, Special Assistant Attorney General, Petitioner-Appellant,**

**v.**

**Edward M. HARTMAN, Director, Department of Finance and Administration of the State of New Mexico, Respondent-Appellee.**

**No. 8991.**

Supreme Court of New Mexico.

Dec. 7, 1970.

Standley, Witt & Quinn, Sante Fe, for petitioner-appellant.

James A. Maloney, Atty. Gen., Ray H. Shollenbarger, Jr., Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

WATSON, Justice.

This is an appeal from an order quashing an alternative writ of mandamus by

which respondent-appellee had been directed to approve a reimbursement voucher and issue warrants in payment of per diem and airplane fare covering petitioner-appellant's out-of-state travel, or to show cause why he had not done so.

Appellant contends that appellee has a clear ministerial duty (i. e., the duty involves no discretion) to approve the reimbursement voucher and issue the warrants by virtue of § 11–1–9(E), N.M.S.A., 1953 Comp., for if that section attempts to place any discretion in the governor or his delegate, it is unconstitutional in failing to set forth standards governing the exercise of such discretion. Art. III, § 1, New Mexico Constitution. He cites State ex rel. Lee v. Hartman, 69 N.M. 419, 367 P.2d 918 (1961); State ex rel. Holmes v. State Board of Finance, 69 N.M. 430, 367 P.2d 925 (1961); and State ex rel. Lucero v. Marron, 17 N.M. 304, 128 P. 485 (1912), in support of his contentions.

Section 11–1–9, supra, so far as is pertinent, provides:

"A. Claims by public officers and employees for reimbursement out of public funds for expenses of transportation, lodging or subsistence shall be paid only as hereinafter provided and in accordance with rules and regulations of the department of finance and administration conformable hereto.

"* * * * * *

"E. Public funds shall not be expended to reimburse public officers and employees for expenses of out-of-state travel without written authorization from the governor having been obtained before the travel is performed, except as otherwise specifically provided in the General Appropriations Act. The governor may delegate, in writing, the authority to approve out-of-state travel to any public officer or group of public officers. * *"

Pursuant to subsection A of § 11–1–9, supra, appellee adopted rules and regulations with which appellant did not comply. Appellant does not question the rules and regulations as unreasonable, if discretion is lawfully conferred by the statute.

■ The trouble with appellant's position is that if the statute is constitutional, then the discretion for appellee's action in refusing the voucher is warranted, since the reasonableness of rules and regulations is not questioned and was admittedly not complied with; but if the statute is unconstitutional, then appellant cannot by mandamus compel appellee to act, for there would be no applicable constitutional statutory authority. Appellant, as petitioner in a mandamus action, cannot question the constitutionality of the very act he relies upon in asking the court to compel performance. Youree v. Ellis, 58 N.M. 30, 265 P.2d 354 (1954); State ex rel. Sanchez v. Stapleton, 48 N.M. 463, 152 P.2d 877 (1944); State ex rel. Synod of Ohio v. Joseph, 139 Ohio 229, 39 N.E.2d 515 (1942).

Appellant would have us find the statute constitutional, but hold that because of the lack of standards provided by the legislature relator has no discretion under it. In State v. Hartman, supra, the Department of Finance and Administration, without statutory authority, had reduced the budget of the State Oil and Gas Accounting Commission. We granted a writ of mandamus directing the department to approve the Commission's budget which it had reduced. There, the relevant portion of the statute (ch. 253, § 8, N.M.S.L.1957) read:

"Expenditures may be made for the purpose indicated and in accordance with the annual budgets approved by the department of finance and administration."

We there held that the words which made the budget "subject to the approval" of the budget division did not permit the arbitrary reduction of it. We then said:

"* * * The Respondent cannot refuse approval without some basis, and if the budget as submitted is within the amounts appropriated and the items are proper, he is given no discretion except to approve them. Compare State ex rel. S. Monroe & Son Co. v. Baker, 112 Ohio

St. 356, 147 N.E. 501." (69 N.M. at 427, 367 P.2d at 923.)

The question of the appropriateness of the writ of mandamus in State v. Hartman, supra, was not discussed. But we note that in that case the legislature authorized the expenditures, while here subsection E of § 11–1–9, supra, provides that public funds shall not be expended without the authorization.

■■ Mandamus lies to compel the performance of a statutory duty only when it is clear and indisputable. State ex rel. Sun Co. v. Vigil, 74 N.M. 766, 398 P.2d 987 (1965); McAtee v. Gutierrez, 48 N.M. 100, 146 P.2d 315 (1944); Wilson v. Gonzales, 44 N.M. 599, 106 P.2d 1093 (1940); State ex rel. McElroy v. Vesely, 40 N.M. 19, 52 P.2d 1090 (1935); and Regents of Agricultural College v. Vaughn, 12 N.M. 333, 78 P. 51 (1904). Appellant asks us to hold that a statute which states that public funds shall *not* be expended to reimburse public officers without written authorization from the governor or his designee means that where funds are budgeted and appropriated for a legitimate purpose the governor's designee has a clear and undisputed statutory duty to approve the voucher. But in construing a statute we must give the words used their ordinary meaning and read the entire act. Winston v. New Mexico State Police Board, 80 N.M. 310, 454 P.2d 967 (1969). We cannot overlook subsection A, supra, which provides for rules and regulations by the department, and the exceptions from gubernatorial authorization made for legislators, sheriffs, etc., and those paid by federal or contract funds (See (1), (2), and (3) of subsection E, supra). We find no legislative intent that respondent must approve all state vouchers where appropriated funds are available.

Mandamus lies "to compel the performance of an act which the law specifically enjoins as a duty resulting from an office." Section 22–12–4, N.M.S.A., 1953 Comp. Here, no statutory or legal duty is shown to have been cast upon the respondent by subsection E, supra, standing alone. Carson Reclamation District v. Vigil, 31 N.M. 402, 246 P. 907 (1926).

Even if the moneys for this purpose were made available in the appropriations act, and that act set the rate for payment, we find nothing therein *requiring* appellee to approve reimbursement vouchers; and that is what appellant would require him to do by this mandamus action.

We affirm the judgment of the district court in quashing the alternative writ.

It is so ordered.

COMPTON, C. J., and SISK, J., concur.