518 P.2d 774

**MOBILE AMERICA, INC., a New Mexico corporation, Plaintiff-Appellant,**

v.

**SANDOVAL COUNTY COMMISSION et al.,**
**Defendants-Appellees,**
and
**Village of Corrales, a municipality,**
**Intervenor-Appellee.**

No. 9632.

Supreme Court of New Mexico.

Jan. 25, 1974.

Oliver Burton Cohen, Albuquerque, for plaintiff-appellant.

R. Russell Rager, Albuquerque, for defendants-appellees.

## OPINION

MARTINEZ, Justice.

Plaintiff (appellant) filed its petition for peremptory writ of mandamus on April 20, 1972 in the District Court of Sandoval County. It sought to compel the defendant, Sandoval County Commission (appellees), pursuant to § 14–19–6, N.M.S.A. 1953 (Repl.Vol. 3, 1968), to approve the subdivision plat of "Jade Park Corrales," an area within Sandoval County consisting of 137.04 acres. Village of Corrales (intervenor-appellee) intervened in the suit as an additional party defendant and claimed that the subdivision plat must also receive its approval, as a municipality, pursuant to § 14–19–7, N.M.S.A.1953 (Repl.Vol. 3, 1968). A hearing was held on the merits and at the conclusion of appellant's case, intervenor-appellee moved for dismissal, which was granted by the court. After requested findings of fact and conclusions of law were filed by appellant and intervenor-appellee, the court entered judgment dismissing appellant's petition with prejudice. It found that intervenor-appellee was at all times an incorporated municipality, that appellant's proposed subdivision plat was within the platting jurisdiction of both appellee and intervenor-appellee, and

concluded that since appellant had not submitted its plat to intervenor-appellee, appellant had no standing to bring this suit. It is from this judgment that appellant makes its appeal.

A preliminary statement concerning this case is necessary because we disapprove the procedures followed by the court. These procedures fail to comply with mandamus proceedings as established in §§ 22–12–6 through 22–12–11, N.M.S.A.1953. However, we are considering the appeal only because the parties consented to a trial on the merits of the issues presented by the allegations of the petition for a writ of mandamus and a general denial of these allegations by appellees.

Appellant's main point for review is that the alleged Village of Corrales had no jurisdiction over the subdivision plat submitted by the appellant to the Sandoval County Commission because it was not in existence at the time appellant presented its subdivision plat to the Sandoval County Commission for approval. Therefore, since only the approval of the Sandoval County Commission was required by statute, and since that approval was *merely a ministerial act*, then a peremptory writ of mandamus should have been issued by the Court.

We disagree.

■ Ordinarily, mandamus lies only to enforce a clear legal right against one having a clear legal duty to perform an act necessary to the enjoyment of such a right. Laumbach v. Board Of County Commissioners, 60 N.M. 226, 290 P.2d 1067 (1955). This means that mandamus lies to compel the performance of a statutory duty only where it is clear and undisputable. Witt v. Hartman, 82 N.M. 170, 477 P.2d 608 (1970). Generally, mandamus will not lie to control the discretion or judgment of a public officer. Conston v. New Mexico St. Bd. Of Probation & Parole, 79 N.M. 385, 444 P.2d 296 (1968); Ross v. State Racing Commission, 64 N.M. 478, 330 P.2d 701 (1958). However, mandamus will lie to require a public officer to perform a ministerial duty, Wilson v. Gonzales, 44 N.M.

599, 106 P.2d 1093 (1940). A ministerial duty is that which does not require either the exercise of official discretion or judgment. Kiddy v. Board of County Com'rs. of Eddy County, 57 N.M. 145, 255 P.2d 678 (1953).

■ Even assuming, but not deciding, that Village of Corrales was not in existence as a municipality at the time appellant's subdivision plat was submitted to appellees, and, therefore intervenor-appellee's approval was not required, § 14–19–6, supra, does not create merely a ministerial duty on the part of the appellee. Section 14–19–6, supra, reads as follows:

"Before a plat of any subdivision within the jurisdiction of a county is filed in the office of the county clerk, the plat shall be approved by the board of county commissioners of the county wherein the proposed subdivision lies. The board of county commissioners *shall not approve* and sign a plat *unless* the:

A. Proposed streets conform to adjoining streets;

B. Streets are defined by permanent monuments *to the satisfaction* of the board of county commissioners; and

C. Boundary of the subdivision is defined by permanent monuments." (Emphasis added)

In construing a statute, we must give the words used their ordinary meaning. Winston v. New Mexico State Police Board, 80 N.M. 310, 454 P.2d 967 (1969). We are unable to discover any legislative intent which requires appellee to approve any subdivision plat which merely fulfills the aforementioned three requirements. These are minimum requirements and leave some discretion and judgment with the county commission. The statute above does not require appellee to approve the subdivision plat if the three requirements above are fulfilled, but simply requires their fulfillment prior to any subsequent approval by the appellee. In addition, § 14–19–2, N.M. S.A.1953 (Repl.Vol. 3, 1968) states that " * * *. The plat shall refer to permanent monuments and shall accurately describe each lot, number each lot in progres-

sion, give its dimensions and the dimensions of all land dedicated for public use or for the use of the owners of lots fronting or adjacent to the land. * * *" These requirements are clearly not mentioned in § 14–19–6, supra, as quoted above, and are further embodied in the New Mexico Subdivision Act, § 70–5–3, N.M.S.A.1953 (Repl.Vol. 10, Pt. 2, Supp.1973). The statutory provisions quoted above do contemplate criteria for consideration by the County Commission other than simply the three criteria enumerated in § 14–19–6, supra.

We have long recognized that if a trial court's judgment can be sustained upon correct legal principles, it will not be reversed merely because the reasoning or conclusion of law is erroneous. Atma v. Munoz, 48 N.M. 114, 146 P.2d 631 (1944). See also, Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967); Albuquerque National Bank v. Johnson, 74 N.M. 69, 390 P.2d 657 (1964). The judgment of the trial court is affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.