554 P.2d 663

**R. H. HUTCHINSON, Plaintiff-Appellee,**

**v.**

**The STATE of New Mexico and the Department of Alcoholic Beverage Control through its Director, Carlos L. Jaramillo, Defendants-Appellants.**

**No. 10879.**

Supreme Court of New Mexico.

Sept. 28, 1976.

Toney Anaya, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for defendants-appellants.

McCulloch, Grisham & Lawless, Stephen F. Lawless, Albuquerque, for plaintiff-appellee.

## OPINION

MONTOYA, Justice.

This is an appeal from a summary judgment granted by the District Court of Santa Fe County on an appeal de novo from an order of the Director of the Department of Alcoholic Beverage Control denying the application for a rural liquor license. The only issue involved is whether the words "ten [10] miles", as used in subsection 46–5–24(c), N.M.S.A.1953 (Repl. Vol. 7, 1966), refers to ten road miles or ten air miles.

The undisputed facts are that the proposed location and premises for the operation of a rural New Mexico dispenser's license applied for by the plaintiff was 10.15 miles away from the nearest existing licensed premises over the only existing road in the area, and the same proposed location and premises were within 10 miles of the nearest existing licensed premises when measured by direct, straight, airline distance. The trial court granted summary judgment in favor of the plaintiff-applicant, which has the effect of holding that the distance between the existing rural license and the license applied for must be measured by road miles rather than straight, airline distance.

The statute requiring interpretation, § 46–5–24(c), supra, in resolving the issues presented provides in pertinent part as follows:

"In rural areas new or additional licenses may be issued regardless of population if the proposed location or premises are not within ten [10] miles of any existing licensed premises, * * *."

In determining legislative intent, we must be guided by the language of the statute and determine whether or not an ambiguity exists. If the statute is not ambiguous, then the literal meaning of the words of the statute must be applied. *Sunset Package Store, Inc. v. City of Carlsbad*, 79 N. M. 260, 442 P.2d 572 (1968). We hold that the statute is free from ambiguity. We are of the opinion that the legislature could not have intended the language to mean anything but direct, straight, airline distance. If any other meaning was intended, it could have been very easily provided for in the statute.

Based on the foregoing, the judgment of the trial court is reversed and the cause is remanded for the entry of an appropriate judgment consistent with the views herein expressed.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, J., concur.