556 P.2d 1174

STATE of New Mexico, Petitioner-Appellee,

v.

Joe L. HERNANDEZ, Richard M. Padilla, Alice E. Daum, Robert M. Sweeney and J. C. Miller, Members of the Santa Fe City Board of Education, Respondents-Appellants.

No. 10963.

Supreme Court of New Mexico.

Dec. 9, 1976.

Catron, Catron & Sawtell, Fletcher R. Catron, Santa Fe, for respondents-appellants.

Toney Anaya, Atty. Gen., F. Scott MacGillivray, J. Kent Winchester, Asst. Attys. Gen., Santa Fe, for petitioner-appellee.

OPINION

OMAN, Chief Justice.

This cause is before us on appeal from a summary judgment, which was expressly based upon the district court's conclusion that the words "personnel matters," as used in § 5–6–23(E), N.M.S.A.1953 (Supp. 1975), mean "matters relating to the discipline or hiring or dismissal of an employee." We reverse.

The State of New Mexico (State) brought a declaratory judgment suit against the members of the Santa Fe City Board of Education (Board) seeking a determination as to whether or not a meeting by the Board was in violation of our so-called public meeting law, which appears as §§ 5–6–23 to –26, N.M.S.A.1953 (Supp. 1975). The pertinent provisions of this Act are:

"All meetings of a quorum of members of any board, commission or other policy-making body of any state agency, or any agency or authority of any county, municipality, district or any political subdivision held for the purpose of formulating public policy, discussing public business or for the purpose of taking any action within the authority of or the delegated authority of such board, commission or other policy-making body, are declared to be public meetings open to the public at all times, except as other-

wise provided in the constitution or provisions of this act [5–6–23 to 5–6–26].

"The provisions of this section shall not apply to * * * *personnel matters*." (emphasis added).

The meeting of the Board in question was not a public meeting, and the Board is a policy-making body covered by the Act. The case was presented to the district court upon the pleadings and stipulated facts, and, as stated above, the court interpreted "personnel matters" to mean "matters relating to the discipline or hiring or dismissal of an employee." Solely on the basis of this interpretation, the district court entered summary judgment for the State. Thus, the question presented is simply that of the correctness of this definition or interpretation. The Act contains no definition of "personnel matters," or of either of the two words included in the term.

■ We agree with the Board that the term is not ambiguous and has a definite meaning, which can readily be ascertained by reference to recognized dictionary definitions of the two words forming it. "Personnel" refers to a body of persons, such as a body of employees, and not to "an employee." See Webster's Third New International Dictionary, Unabridged (3d ed. 1959); the American Heritage Dictionary of the English Language (1973); The New Century Dictionary (1938); The Concise Oxford Dictionary (1964); The Oxford Universal Dictionary (3d ed. 1955). "Matters," in the context of "personnel matters," clearly means those things, events, circumstances, situations, conditions or interests which relate to personnel. See the same dictionaries for the pertinent definition of "matters."

■ Unless (1) the Legislature expressly gives a particular meaning or definition to its statutory language, (2) there is an ambiguity in the statutory language, (3) the legislative intent clearly indicates some other meaning, or (4) a different meaning is required to prevent absurdity, it is our duty to give the statutory language its literal and ordinarily accepted meaning. *Hutchinson v. State,* 89 N.M. 501, 554 P.2d 663 (1976); *Mobile America, Inc. v. Sandoval County Commission,* 85 N.M. 794, 518 P.2d 774 (1974); *Tafoya v. New Mexico State Police Board,* 81 N.M. 710, 472 P.2d 973 (1970); *Winston v. New Mexico State Police Board,* 80 N.M. 310, 454 P.2d 967 (1969); *State v. Ortiz,* 78 N.M. 507, 433 P.2d 92 (Ct.App.1967).

The term "personnel matters" is given no peculiar or limited meaning by the Legislature. It is not ambiguous. Its literal and commonly accepted meaning is not inconsistent with any express or clearly indicated legislative intent. To assign to it its customary and literal meaning will work no absurdity and create no inconsistency with other language of the Act. Consequently, since its literal and commonly accepted meaning is not confined to "matters relating to the discipline or hiring or dismissal of an employee," it follows that the summary judgment, entered upon the basis of this limited interpretation by the district court, must be reversed.

IT IS SO ORDERED.

SOSA, J., and JAMES W. MUSGROVE, D. J. (sitting by designation), concur.