## RABIDON *v.* MUSKEGON CIRCUIT JUDGE.

INFANTS—ACTION BY NEXT FRIEND—SECURITY FOR COSTS.

> 2 How. Stat. § 8124, providing that, before any process shall
> be issued in the name of an infant who is sole plaintiff, a
> "competent and responsible" person shall be appointed as
> next friend for the infant in such suit, who shall be "respon-
> sible for the costs," does not mean that the person so ap-
> pointed must be financially responsible to pay the costs, but
> only that he shall be liable to respond therefor the same as
> though he were the party in interest; it being necessary to
> construe said section in connection with 3 How. Stat. § 8989,
> under which it is discretionary with the court to order secur-
> ity for costs in such cases.

*Mandamus* by Barney Rabidon to compel Fred J.
Russell, circuit judge of Muskegon county, to vacate an
order requiring the filing of security for costs. Submitted
June 17, 1896. Writ granted July 21, 1896.

*Macdonald & Marr*, for relator.

*Frank H. Smith*, for respondent.

LONG, C. J. Louis Rabidon, by Barney Rabidon, his
next friend, commenced suit in the Muskegon circuit
against the Chicago & West Michigan Railway Com-
pany. Defendant in that suit pleaded the general issue,
and subsequently entered a motion for security for costs,
which motion the court granted. This is an application
for *mandamus* to direct the respondent to set the order
aside.

A return has been made to an order to show cause. In
the return the respondent sets out the petition for the ap-
pointment of next friend, the consent of the next friend
to so appear in the suit, and the order of appointment.
The respondent also returns that at the time of the

appointment no showing was made of the responsibility of the relator; that it appeared by the declaration by which the suit was commenced that Louis Rabidon was an infant of the age of four years. It appears that a showing was made on this motion that Barney Rabidon was wholly irresponsible financially, and, on his behalf, a showing that he was wholly unable to furnish such security, and, if such security should be required, the suit could not be prosecuted. In the return the respondent states:

"After duly considering the matter, I was of the opinion, and held, that the statute (section 8124, 2 How. Stat.) contemplated that the next friend of an infant who brings suit must be a responsible person,—such a person as would be 'responsible to the defendant for the costs of said suit; that this statute, if taken alone, would leave no discretion in the court, but the case must be dismissed on a showing that the next friend was not responsible; but as section 8989, 3 How. Stat., provides that, when a suit is brought in the name of an infant whose next friend has not given security, the court *may* require the plaintiff to give security for costs, that the two sections, taken together, contemplate that when it is shown to the court, as was done in this case, that the next friend is not a responsible person, the court must, if the case is to continue, require the plaintiff to file security for costs."

We think this is not the true intent and meaning of section 8124, 2 How. Stat. This section provides:

"Before any process shall be issued in the name of an infant who is sole plaintiff in any suit, a competent and responsible person shall be appointed to appear as next friend for such infant in such suit, who shall be responsible for the costs thereof."

The statute does not mean that the next friend shall be financially responsible to pay costs, but that he shall be answerable or liable to respond therefor; that is, that he may be held for the costs, the same as though he were the party in interest in the suit. The legislature must have given this construction to the statute, or it would not have been found necessary to enact section 8989, 3

How. Stat., which is an amendment of section 8989, 2 How. Stat.   This section, as it originally stood, provided that—

"When a suit shall be commenced in any court   *   *   *   (4) In the name of any infant whose next friend has not given security for costs,—the defendant may require such plaintiff to file security for the payment of the costs that may be incurred by the defendant in such suit."

By Act No. 143, Pub. Acts 1889, this section was amended, and now stands as section 8989, 3 How. Stat., and provides in such case that—

"The court   *   *   *   may require such plaintiff to file security for the taxable costs of the defendant in such suit, for which an execution may issue."

It will be seen that, before the amendment of 1889, the defendant had a right to demand security for costs from the next friend of the infant, but, as amended, the question is now left to the discretion of the court.   There would have been no necessity for either act, if the contention of counsel for respondent is correct, so far as affecting the rights of the defendant; for if the next friend must make a showing of his financial responsibility to the court before his appointment, and could be appointed only when that fact was established, it would be strange if the legislature should, by the amendment of 1889, again provide for the settlement of that question, and leave it to the discretion of the court to determine whether or not security should be given.

The court below, having based its ruling upon the interpretation of the statute, did not pass upon the merits of the case.   The order must be vacated, and the court is directed to pass upon the merits of the motion.

The other Justices concurred.