[No. 1149, January 15, 1907.]

W. R. PILANT, Appellant, v. S. HIRSCH & CO., Appellee.

### SYLLABUS (BY THE COURT.)

After an answer to a verified complaint on a promissory note has been stricken out as "sham and unverified," and the defendant has elected not to amend, but to stand on his answer, it is not error to adjudge him in default and to render judgment against him without first acting specifically on his motion for security for costs filed at the same time with his answer.

Appeal from the District Court for Chaves County, before W. H. POPE, Associate Justice. Affirmed.

GATEWOOD & DUNN, for Appellant.

It was the duty of the trial court to determine the motion of appellant to require the plaintiff to give security for costs. Comp. Laws 1897, Sec. 2892, Sec. 2685, Sub-Secs. 55, 104; National Distilling Co. v. Cream City Importing Co. (Wis.) 56 N. W. 864; Collier v. Morgan's L. & T. R. Co. (La.) 5 So. 537.

The action of the court in adjudging the appellant in default, and in rendering judgment against him, was denial of his motion demanding security for costs. 14 Enc. P. & P. 171; Sterling Bridge Co. v. Pearl, 80 Ill. 251.

Where a motion made by defendant is pending undisposed of, it is error to adjudge him in default and render final judgment against him. Dillon v. Rand, 15 Colo. 372; Atchison, etc., R. Co. v. Nicholls, 8 Colo. 188; McDermett v. Rosenbaum, 13 Colo. App. 444; Klemen v. Dewes, 28 Ill. 317; Collier v. Morgan's L. & T. R. Co. (La.) 5 So. 537.

It is error to deny a motion demanding security for

costs. Hugunin v. Thatcher, 18 Fed. 105; Miller's adm'r v. Norfolk & W. R. Co., 47 Fed. 264.

A. J. NISBET, for Appellee.

If the defendant raises no triable issue the plaintiff is entitled to judgment. National Distilling Co. v. Cream City Importing Co. (Wis.) 56 N. W. 864.

Costs form no part of the relief sought but are the mere incident of the judgment. 5 Enc. P. & P. 109 and cases cited there.

An answer of general denial to a suit on a written instrument like a note unless the denial is accompanied by the affidavit required by Section 2984, Compiled Laws, 1897, denying execution of the instrument, fails to raise an issue. Horn v. The Volcano Water Co. et al., 13 Cal. 62; Kinney v. Osborn, 14 Cal. 112; Curtis v. Richard & Valentine, 9 Cal. 34; 1 Enc. P. & P. 805, S. 8; Nelson v. Murray, 23 Cal. 338; Schoonover v. Birnbaum, 83 Pac. 999.

Where the instrument sued on is incorporated as a part of the declaration or complaint and defendant's answer is withdrawn, the withdrawal amounts to a judgment *nil dicit,* and no proof of the instrument is necessary, Graves v. Cameron, 77 Tex. 273, 14 S. W. 59; Carlon v. Ruffoner, 12 W. Va. 297; Cyc. Vol. 8, Page 186; Bell v. McCoy, 132 Mo. 552; Burt Mfg. Co. v. Steamboat A. Saltzman, 42 Mo. App. 85; Kennedy v. McNicholas, 29 Mo. App. 11; Carr v. Dawes, 46 Mo. App. 351, Frost v. Burton, 619, 38 Mo. 146; McConey v. Wallace, 22 Mo. App. 377; St. Louis Agr. & Mach. Ass'n. v. DeLano, 108 Mo. 217; Kennedy v. Pac. Ry., 45 Mo. 255; Cravens v. Jameson, 59 Mo. 68; Thomas v. Werremeyer, 34 Mo. App. 665; Sayer v. Devore, 99 Mo. 437; Com. Laws 1897, Section 2685, Sub-Section 106; Halsey v. Meinrath, 54 Mo., App. 335; 1 Black Judgments S. 270, Pages 327-28; Voorhees v. Jackson, 2 Pac. R. 289; Wenner v. Thornton, et al, 98 Ills., Housh v. People, 66 Ills. 181; Blake v. Lyon Manufacturing Co., 77 N. Y. 626; Stocton Lumber Co. v. Blodget, 84 Pac. 441; Fears v. Riley, et al., 148 Mo. 49;

49 S. W. 836-838; Hill v. Meyers, 47 Mo. 585; Comp. Laws, 1897, Sec. 2685, Sub-Sec. 96.

## STATEMENT OF FACTS,

The appellee brought suit against the appellant on three promissory notes on file in the cause, a duly verified complaint. The defendant seasonably moved that the plaintiff be required to give security for costs, and, on the same day, filed an answer, not signed or verified by him, and not denying the execution of the notes. The plaintiff moved to strike out this answer as "sham and not verified," and for judgment. The court granted the motion to strike out, and the defendant by his attorneys announcing that he would not amend but stand upon his answer, the court found him in default and gave judgment for the plaintiff, from which judgment the defendant appealed assigning as error the action of the court in adjudging the defendant in default and in rendering the final judgment against him when his motion for a cost bond had not been complied with or disposed of.

## OPINION OF THE COURT.

ABBOTT, J.—In the brief for the appellant it is claimed that the action of the court in adjudging the defendant to be in default and rendering judgment against him, was in effect a denial of his motion for security for costs, and in support of the claim are cited 14 Encyclopedia of Pleading and Practice, p. 171, and Sterling Bridge Co. v. Pearl, 80 Ill. 251. Assuming that this contention is sound, as on reason and authority alike, it appears to be, it is difficult to perceive what standing ground the appellant has left for himself. But, aside from that, the action of the District Court which is here called in question would seem to have been the only proper one. The language of the statute in relation to security for costs, Compiled Laws of 1897, Section 2892, is, that the plaintiff "may be ruled to give security;" not that he must be so ordered. After the defendant's answer had been stricken out and he elected not to amend, there was no issue for trial and no occasion for a cost bond. The cause was ripe for judgment. Compiled Laws, 1897, Sec.

2984; Sec. 2685; Horn v. Volcano Water Co., et al., 13 Cal. 62; Fears v. Riley, et al., 148 Mo. 49.

Judgment affirmed.