[No. 3003.   May 12, 1926.]

CARSON RECLAMATION DIST. v. VIGIL,

State Auditor.

[246 Pac. 907.]

SYLLABUS BY THE COURT

Only clear legal rights are enforceable by mandamus.

---

[1] 38CJ p. 582 n. 71; p. 590 n. 36; p. 593 n. 49; p. 758 n. 64, 65.

Appeal from District Court, Santa Fé County, Hollo-man, Judge.

Mandamus by the Carson Reclamation District against Juan N. Vigil, State Auditor. From a judgment sustaining defendant's demurrer to the complaint and dismissing the cause, plaintiff appeals. Affirmed.

Frank W. Clancy, of Santa Fé, for appellant.

Milton J. Helmick, Atty. Gen., for appellee.

OPINION OF THE COURT

WATSON, J. Appellant (plaintiff below) alleged that it is an irrigation district, organized under chapter 41, Laws of 1919, and by section 12 of that act directed to employ a competent hydraulic engineer, but unable to do so for lack of funds. It further alleged that it made demand upon the state auditor to draw his warrant for the sum of $15,000 upon the "permanent reservoirs for irrigation purposes income fund," in which fund there is a large sum of money, to enable it to employ such engineer, and that the auditor (appellee) refused so to do. Mandamus was prayed to compel the auditor to draw such warrant. A demurrer was interposed on the ground that no cause of action was stated in the complaint. The demurrer was sustained and judgment entered dismissing the cause.

The fund on which appellant seeks to draw is the depository of the income from the land grant made by Congress by the Ferguson Act (Act June 21, 1898, 30 Stat. 484), and confirmed and impressed with a trust by the Enabling Act (Act June 20, 1910, 36 Stat. 557). The use of the fund is limited by Enabling Act, § 10, and by Const. art. 21, § 9, to "the establishment of permanent water reservoirs for irrigating purposes." Appellant urges that it is for such purposes that it resorts to the fund, and that, therefore, although the Legislature has made no appropriation from the fund for appellant's use, none such is necessary to authorize appellee to comply with its demands; that, under his large statutory powers, the auditor may determine the amount properly to be devoted to appellant's purposes,

taking evidence, if necessary, as to the reasonable requirements of the case. It is urged that Constitution, art. 4, § 30, prohibiting payments from the treasury except upon legislative appropriation, is not a defense, citing Dorman v. Sargent, 20 N. M. 413, 150 P. 1021.

Even if the foregoing propositions were seriously to be entertained, there is a fatal weakness in appellants case. No statutory or legal duty is shown to be cast upon the state auditor. It is only claimed that he has the power. If he has such vast discretionary power as claimed by appellant, it is not within the province of the courts to direct its exercise by mandamus. Only a clear legal right can be so enforced. High's Extraordinary Legal Remedies, "Mandamus," § 10; Regents v. Vaughn, 12 N. M. 333, 78 P. 51; Seward v. D. & R. G. R. R. Co., 17 N. M. 557, 131 P. 980, 46 L. R. A. (N. S.) 242; State v. Marron, 18 N. M. 426, 137 P. 845, 50 L. R. A. (N. S.) 274.

The court did not err in sustaining the demurrer. The judgment is therefore affirmed, and it is so ordered.

PARKER, C. J. and BICKLEY, J., concur.