[No. 3634.   Oct. 31, 1931.]

[Rehearing Denied November 23, 1931.]

STATE ex rel. JOHNSON et al. v. VILLAGE OF CARRIZOZO et al.

[4 Pac. (2d) 922.]

H. B. Hamilton, of El Paso, Tex., for appellants.

A. H. Hudspeth, of Santa Fe, for appellees.

OPINION OF THE COURT

WATSON, J.

This is an appeal by relators from a judgment quashing an alternative writ of mandamus and dismissing the cause.

Three of the relators are resident taxpayers of the village of Carrizozo. The other two were applicants for a franchise to erect and operate an electric light plant. They allege that they filed with the board of trustees an application therefor, accompanied by a proposed ordinance containing a complete draft of the terms of the franchise desired, and an ordinance submitting to the voters of the village the question of granting the franchise. They allege further the neglect, refusal, and delay of the board of trustees to call such election. By the alternative writ, the board was commanded to

"call an election * * * of the legal voters of the village * * * and submit to said legal voters * * * the question as to whether

or not the said legal voters * * * shall approve or reject said franchise * * * so filed * * *"

or show cause.

The answer raises legal questions only, some of which were sustained.

To entitle appellants to relief by mandamus, it was incumbent upon them to show a clear legal right. Carson Reclamation District v. Vigil, 31 N. M. 402, 246 P. 907. This they did not do.

Reliance is placed on 1929 Comp. § 90-402, sixty-eighth, which, in so far as material here, provides:

"Cities and towns shall have power to erect water works, or gas works, or authorize the erection of the same by others; but no such works shall be erected or authorized until a majority of the voters of the city or town, voting on the question at a general or special election, by vote approve the same."

It is impossible to construe this section as requiring submitting to the electors a franchise which the board of trustees does not approve.

State ex rel. Burg. v. City of Albuquerque, 31 N. M. 576, 249 P. 242, is quite a different case. There the city charter gave the qualified voters the right to petition for a referendum on ordinances, and made it the duty of the governing body to provide for the election. Iowa Public Service Co. v. Tourgee, 208 Iowa, 36, 222 N. W. 882 is the same kind of a case. There the statute provided for the calling of an election upon the petition of a designated number of property owners. McQuillen, Municipal Corporations (2d Ed.) § 2724, cited by appellants, is not contrary to what we here hold.

The judgment will be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and SADLER, J., concur.

PARKER and HUDSPETH, JJ., did not participate.