140 P.2d 737

**STATE ex rel. HERON v. KOOL, Judge.**

No. 4769.

July 21, 1943.

Kenneth A. Heron, of Chama, pro se.

Reed Holloman, of Santa Fe, for respondent.

THREET, Justice.

The relator invokes the jurisdiction of this Court to compel, by mandamus, the Honorable Albert R. Kool, Judge of the Second Judicial District, to require D. H. Gaylor to give an additional bond in a sum to cover all damages and judgment recovered in the Justice of the Peace Court of Precinct No. 17, Rio Arriba County, New Mexico, and, also, all damages and judgment that may be recovered in the district court on appeal.

Petitioner, as plaintiff, recovered judgment against D. H. Gaylor in an action of forcible entry and detainer in the Justice of the Peace Court of Precinct No. 17, Rio Arriba County, New Mexico, on the 3rd day of May, 1939. D. H. Gaylor, defendant in that case, duly appealed his cause to the District Court of Rio Arriba County, New Mexico, and filed a bond in accord with the judgment of the Justice of the Peace Court, and the statute covering such case, where the case is now pending.

On the 18th day of March, 1943, petitioner filed a motion for an additional bond, as provided under 1941 Comp., § 38-917. The motion was duly presented to the respondent, herein, who refused to grant petitioner the relief sought, and entered an order overruling and denying petitioner's motion.

Petitioner filed, in this Court, his petition praying for a peremptory writ of mandamus directing respondent to forthwith order and require D. H. Gaylor to give an additional appeal bond.

The Court, upon the filing of the petition, ordered an alternative writ of mandamus to issue. Respondent duly filed his answer to the alternative writ admitting in part, and denying in part, the allegations of the writ.

██ Other pleadings have been filed in the case by the respondent and D. H. Gaylor, and petitioner has filed a motion to strike. These pleadings will not be considered. Pleadings here, upon which this case will be considered, are: The alternative writ and respondent's answer thereto. 1941 Comp., § 26-111.

██ The sole question here is whether 1941 Comp., § 38-917 is mandatory and, therefore, the duty of the district court to require an additional bond is ministerial. If so, the writ should issue. Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027.

On the other hand, if the duty of the District Court under the statute is discretionary, the writ should be denied, unless there be an abuse of such discretion. 1941 Comp., § 26-104. Seward v. Denver & R. G. R. Co., 17 N.M. 557, 131 P. 980, 46 L.R.A.,N.S., 242; Carson Reclamation Dist. v. Vigil, 31 N.M. 402, 246 P. 907; 35 Am.Jur. 22, § 249.

The statute under consideration reads as follows: "On appeals taken from a judgment of a justice of the peace, the bond shall be in sufficient sum to cover all damages and judgment recovered in the justice of the peace court, as also all

damages and judgment that may be rendered and recovered in the district court. And the district court may, on motion, require an additional bond to be given in any such case, and should the appellant fail to give such bond when required by the district court, within the time that may be required, then the said appeal shall be dismissed and the judgment below affirmed, and additional damages in accordance with this chapter (article) assessed, and judgment, execution and a writ of possession then given by the district court." 1941 Comp., § 38-917.

■ It is significant, and may not be overlooked, that the Legislature used the word may, instead of the words must or shall, when it said "and the district court may, on motion, require an additional bond to be given in any such case," etc.

This court in construing 1941 Comp., § 29-113, under which plaintiff may be ruled to give security for cost, and providing that upon failure to do so, the case shall abate, held that the granting or denying a motion to give security for cost, is an exercise of judicial discretion. Pilant v. S. Hirsch & Co., 14 N.M. 11, 88 P. 1129; City of Roswell v. Bateman, 20 N.M. 77, 146 P. 950, L.R.A.1917D, 365, Ann.Cas.1918D, 426; State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179. To the same effect see: Clark v. Bay Circuit Judge, 154 Mich. 483, 117 N.W. 1051; Turner v. Younker, 76 Iowa 258, 41 N.W. 10; Rabidon v. Muskegeon Circuit Judge, 110 Mich. 297, 68 N.W. 147; Stevens v. Sheriff, 76 Kan. 124,

90 P. 799, 11 L.R.A.,N.S., 1153, and Roff v. Miller, 189 Mich. 558, 155 N.W. 517.

In Pilant v. S. Hirsch & Co., supra, the court placed much stress upon the language of the statute in the use of the word may, instead of the words must or shall, in holding that it was within the judicial discretion of the court as to whether the bond should be required. In State v. Chavez [45 N.M. 161, 113 P.2d 186], supra, it is said, in passing upon a motion to require plaintiff to give a bond for cost:

"Clearly, both of these actions on the part of petitioners called upon the court for an exercise of its judicial discretion. It was a call upon the judge 'to act judicially upon a material issue.' State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937, 939, and other cases hereinafter cited. We have said that it rests in the discretion of the court as to whether plaintiff shall be ruled upon such motion to give a cost bond. City of Roswell v. Bateman, 20 N.M. 77, 83, 146 P. 950, L.R.A.1917D, 365, Ann.Cas. 1918D, 426."

The same construction may be applied to the statute under consideration. In reading the statute, one comes to the conclusion immediately that the district court could not set a bond for any arbitrary amount. The court must determine, in the first instance, whether the bond given in the Justice of the Peace Court is sufficient to cover all damages and judgment in the Justice of the Peace Court, as well as, all damages and judgment in the district court, before an additional bond may be required. In doing

this, it necessarily follows that the district court judge must hear evidence, as to the amount of damages that are likely to accrue; whether the rent on the premises in suit has increased, or diminished, since the judgment was entered by the Justice of the Peace. In doing this, the district court acts judicially, and in ruling upon a motion for additional security, exercises his judicial discretion, based upon the evidence.

Petitioner maintains that the district court is bound by the findings and judgment of the Justice of the Peace Court, and has no discretion, but must order an additional bond when so requested, based upon the findings of the Justice of the Peace Court.

■ 1941 Comp., § 38-918, provides that the case must be tried de novo and the district court may assess damages up to the time of final judgment. The district court is not bound by the judgment entered by the Justice of the Peace, but must enter its own judgment. Crolot v. Maloy, 2 N.M. 198; State v. Coats, 18 N.M. 314, 137 P. 597.

■ The district court having acquired jurisdiction of the case, questions arising thereafter must be decided by the court having jurisdiction. In State ex rel. Heron v. District Court of First Judicial District, 46 N.M. 296, 128 P.2d 454, 458, we said: "It is pertinent to remark, however, that where the question is simply one whether the bond filed was properly executed, justified, acknowledged or ap-

proved; whether it is in the proper amount and conditioned as required by law; whether the appeal was docketed in time; or whether compliance with certain other procedural requirements was full and complete or substantially so—all are questions which call for the exercise of judicial discretion by a court having jurisdiction."

In 35 Am.Jur. 22, § 249, we find this language: "When power is conferred on judicial officers, and it is difficult to determine on which side of the often shadowy line separating judicial from ministerial powers such power lies, it is rather indicative of a legislative intent that the legislature regarded and intended the particular power as judicial."

■■ We hold that the statute in question is discretionary and not mandatory, and that the powers conferred on the district court call for the exercise of judicial discretion. There is nothing in the record to indicate that the respondent abused his judicial discretion in overruling petitioner's motion for an additional bond. It, therefore, follows that the rule will be discharged, and the writ denied.

It is so ordered.

SADLER, C. J., and MABRY and BICKLEY, JJ., concur.

BRICE, J., being absent, did not participate.