276 P.2d 902

Frank L. SCHREIBER, Harry S. Allen, Joseph E. Goodding, and Fred Swope, Appellants-Informants,

v.

Elfego BACA, Director of Division of Liquor Control, Bureau of Revenue, State of New Mexico, Appellee-Respondent.

No. 5810.

Supreme Court of New Mexico.

Nov. 22, 1954.

Hannett & Hannett, and W. S. Lindamood, Albuquerque, for appellants.

Chester Hunker, Santa Fe, Albert Cornell, Albuquerque, for appellee.

SADLER, Justice.

The appellants as informants below sought an alternative writ of mandamus from the district court of Santa Fe County against the Director of the Division of Liquor Control, Bureau of Revenue, to compel him to cancel a certain liquor license theretofore issued by him, or in the alternative to revoke the transfer of said license to operate at Fruitland, New Mexico, to Farmington, New Mexico. Upon presentation of the petition, the district court authorized issuance of the alternative writ as prayed and issued an order to show cause, returnable on September 15, 1953.

On September 14, 1953, one day before the cause was set for hearing on the order to show cause, the respondent, appellce here, filed a pleading denominated a response to the order to show cause, in the first portion whereof he moved to quash the order, setting up numerous legal defenses. In the second portion of this pleading various defenses were set up by way of answer. For some undisclosed reason, the hearing went over from the date set to March 31, 1954, on which date there was entered an order reading, as follows:

"The above entitled and numbered cause coming on for hearing and the informants being present and being represented by their attorneys, Hannett and Hannett, and the respondent being present and being represented by his attorney, M. W. Hamilton, and the Court being fully advised in the premises herewith enters its order and decree:

"It Is Hereby Ordered, Adjudged And Decreed that the Writ of Manda-

mus is hereby denied on the basis of lack of 'proper interest' on the part of the informants.

"It Is So Ordered this 31 day of March, 1954.

"/s/ Robert E. Fox

"Judge of the District Court"

Thereafter, and on April 14, 1954, the appellants (informants) were allowed an appeal from the order so made and entered and it comes before us on an assignment of error, reading:

"The trial court erred in denying the alternative writ of mandamus sought herein on the ground of lack of interest in the appellants to institute a mandamus action."

Under this assignment of error a single point is advanced, to-wit:

"Appellants are beneficially interested and entitled to alternative writ of mandamus within the purview of § 26–105, New Mexico Statutes Annotated, 1941 Compilation."

Thus it is we have presented for decision the question which is, simply stated, whether under admitted facts gleaned from the pleadings before us, the appellants alleged a sufficient interest in the matter in controversy to entitle them to the remedy of mandamus. Then what are the facts? The only pleadings to be considered on a petition for the writ are the alternative writ and the answer thereto. State ex rel. Heron v. Kool, 47 N.M. 218, 140 P.2d 737. The petition for the writ becomes *functus officio* when granted. State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242.

The facts set forth by informants, themselves, in the alternative writ as a basis for the relief sought will be stated briefly. They are residents and qualified electors of San Juan County, New Mexico, all owners and operators of liquor establishments in the city of Farmington in said county and state. They operated under licenses duly issued in accordance with the laws of New Mexico appertaining to liquor dealers.

On or about December 22, 1952, the respondent, as Director of the Division of Liquor Control, Bureau of Revenue, hereinafter referred to as the Director, issued to one W. A. Robbins a retail liquor dealer's license in the name of "Esquire Package Liquor Store," to be located in Fruitland, San Juan County, New Mexico, some 10 miles west of city of Farmington. Subsequently, about June 4, 1953, the license mentioned was approved for transfer under same name to a new location, to-wit: 107 Broadway, in the city of Farmington.

Then followed recitations in the alternative writ that the licensee, Robbins, failed to engage in the business licensed for a period in excess of six months, extending down to date of the writ; that notwith-

standing demand duly made upon respondent, the Director aforesaid, he declined, as was his duty under 1941 Comp. § 61–609, to cancel the license.

The appellants rested their claim to the relief sought, either of cancellation as prayed; or, in alternative, to a revocation of the transfer authorized, on the foregoing facts. And accepting the purport of the facts presented as appraised by informants, themselves, the trial court held they lacked capacity to maintain the action brought for want of proper interest. Accordingly, it discharged the alternative writ. It is from the order so made denying the relief of mandamus, that this appeal is prosecuted.

Notwithstanding a dispute between counsel as to whether the issue resolved was on the sustaining of the motion to dismiss, interposed by respondent, or reliance by the court on grounds set up in the response to the order to show cause embodying a motion to quash, we are unable to see point to the controversy. Actually, they are one and the same document, so all the argument revolves about whether to call the document a "Response" or a "Motion," for whatever called, either designation describes the same document and challenges sufficiency of the alternative writ for want of capacity in the informants to sue.

It is our considered judgment that the trial judge, looking through the clouded confusion thus created perceived, nevertheless, the decisive fact that the informants were suing to eliminate threatened competition in the field in which they were operating their respective businesses. We speak of the alternative writ as having been appraised by informants as one sought by them in the interest of their status as liquor dealers. We base the statement on this language of their brief in chief, to-wit:

"The familiar 'fly in the ointment' in this case arose when in Paragraph 17 of the writ the appellants stated that they were 'beneficially interested as competitors of the holder, W. A. Robbins.' As a result of said allegation, the appellee alleged among the legal defenses of his response that appellants had no special interest involved, that their sole interest was to restrict competition and to gain a business advantage."

The language is followed, to be sure, by a challenge to the meaning given it by the respondent, as follows:

"This contention is pure 'assumption', of course, and completely unsupported by the record. We submit that there is no requirement in any statute in this state pertaining to mandamus which necessitates an allegation of beneficial interest. Such interest must appear from the allegations of the writ in its entirety."

But, irrespective of whether or not this language of the alternative writ represents the true intention of informants in moving in the action, the trial court has interpreted the writ according to what counsel call the "fly in the ointment." Such an interpretation of the whole writ is not unreasonable and such being the case will be adhered to in this court. Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315, Butler Paper Co. v. Sydney, 47 N.M. 463, 144 P.2d 170.

It is a well-established doctrine in the law relating to mandamus that only clear legal rights are subject to enforcement by the writ. Carson Reclamation District v. Vigil, 31 N.M. 402, 246 P. 907; State ex rel. Walker v. Hinkle, 37 N.M. 444, 24 P. 2d 286. The want of any such clear legal right in informants is so well established by two cases cited to us by counsel for respondent that we are content to rely upon them as precedents. They are Baker v. State ex rel. Hi-Hat Liquors, Inc., 159 Fla. 286, 31 So.2d 275, and Turner v. City of Miami, 160 Fla. 317, 34 So.2d 551. In Baker v. State, ex rel. Hi-Hat Liquors, Inc., the court said [159 Fla. 286, 31 So.2d 276]:

"As petitioner, Hi-Hat might have appeared (1) in the character of a citizen having no legal or special interest in the result other than having the law executed and the duty in question enforced, or (2) in that of a person enforcing a special interest or private right, in which event right to relief must clearly appear. State [ex rel. Davis] v. Atlantic Coast Line R. Co., 95 Fla. 14, 116 So. 48; State v. Crawford, 28 Fla. 441, 10 So. 118, 14 L.R.A. 253; Florida Central [& P.] R. Co. v. State [ex rel. Town of Tavares] 31 Fla. 482, 13 So. 103, 20 L.R.A. 419, 34 Am.St.Rep. 30. Its declared object was to eliminate Baker as a competitor and, in so doing, place the action in the second category.

"The Director, in his answer, and Baker, in his motion to quash, aver that, as licensee, Hi-Hat had no such special interest or private right that sustains the suit.

"Neither licensee had anything more than a permit to engage in the liquor business. Each had the same rights and privileges. The law did not restrict competition between them, nor were they allotted any exclusive territorial areas. The profits or commercial advantages which Hi-Hat might gain in the elimination of Baker's competition are too elusive and uncertain to sustain the action."

See, also, Hanson v. Village Council of Romeo, 339 Mich. 612, 64 N.W.2d 570, and cases from our own court bearing on the question as follows: State ex rel. Burg v.

City of Albuquerque, supra; Town of Gallup v. Constant, 36 N.M. 211, 11 P.2d 962; Atchison, T. & S. F. Ry. Co. v. State Corporation Commission, 43 N.M. 503, 95 P.2d 676, and Hutcheson v. Gonzales, 41 N.M. 474, 71 P.2d 140. Also late case of State ex rel. Naramore v. Hensley, 53 N.M. 308, 207 P.2d 529.

In Hanson v. Village Council of Romeo, the court said [339 Mich. 612 64 N.W.2d 571]:

" * * * Even if their construction of the statute were accepted as correct, it would not follow that, because they own the only existing hotel in the village, the class 'B' hotel license must necessarily be granted to them and not to some other applicant who might take the necessary steps to qualify therefor. Inasmuch as plaintiffs have no absolute right to a license, as contended, or to consideration of their application therefor, their bill of complaint is devoid of allegations disclosing a justiciable interest in them in the question of whether defendant Quick was properly granted a license or should be permitted to sell spirits."

Finding no error the judgment of the trial court will be affirmed.

It is so ordered.

McGHEE, C. J., and COMPTON, LUJAN and SEYMOUR, JJ., concur.