300 P.2d 943

**MORA COUNTY BOARD OF EDUCATION, and William Salman, Glave Blattman, Joe Martinez, W. Shoemaker, and Lenore M. Valdez, the Members thereof, Plaintiffs-in-error,**

v.

**Mary VALDEZ, Tillie Martinez, Juanita D. Montoya, and Lilly Jaramillo, Defendants-in-error.**

No. 5999.

Supreme Court of New Mexico.

Aug. 20, 1956.

Harry L. Bigbee, Donnan Stephenson, Santa Fe, for plaintiffs in error.

Donald A. Martinez, Las Vegas, E. P. Ripley, Santa Fe, for defendants in error.

PER CURIAM.

The opinions heretofore filed herein, both the majority and the dissenting opinions, are hereby withdrawn and the following opinions are substituted for them as expressing the divided views of the Court:

McGHEE, Justice.

This proceeding on writ of error questions the validity of a peremptory writ of mandamus issued in ex parte proceeding by the District Court of Mora County on August 27, 1955, directing the present plaintiffs-in-error, the Mora County Board of Education and the individual members thereof, to reinstate and assign the present defendants-in-error, teachers within the Mora County school system, to positions formerly held by them during the school year 1954–1955.

The root of the controversy is found in the action of the county board of education directing the transfer and reassignment of the teachers to schools and teaching assignments within the county differing from the schools and particular posts in which they were formerly employed, it being the contention of the teachers the action of the county board in changing their placement within the school system was unwarranted and unjustified.

According to the petition for the peremptory writ of mandamus, said action was taken by the county school board on or about May 11, 1955. The petition, in the form of four causes of action for the four teachers involved, asserts the objections common to each of them that they were transferred from larger communities in which they had been established for varying lengths of time to smaller and more remote communities and schools within the county, that the teaching burdens under their new placement would be more onerous and the positions less attractive than those they had previously held.

The petition alleges that the teachers requested a hearing before the county board of education, which hearing was granted and held on or about May 23, 1955, with the result the county board reaffirmed its decision to transfer and re-assign the teachers; that they then appealed to the State Board of Education from the decision of the county board and hearings were held before the state board on June 6 and July 12, 1955. The action of the state board, as set forth in a letter to the Mora County School Superintendent from the State Superintendent of Public Instruction, and copied from the minutes of the state board meeting of July 12th, was as follows:

"It was moved and seconded that the State Board of Education finds little justification for the action of the Mora County Board of Education in transferring and reassigning the following named teachers from their former positions:

Mrs. Juanita D. Montoya

Mrs. Lily Jaramillo

Mrs. Matias Martinez

Mrs. Albert N. Valdez

"The State Board of Education recommends to the Mora County Board

of Education that they reconsider their decision and reinstate the teachers in their former positions. Motion carried."

By letter from the county school superintendent to the state superintendent, the latter was advised the county board did not consider the motion for recommendation had carried because only five of the eight members of the state board were present at the meeting and of the number present only two members voted for the motion, one voted against it and two members abstained from voting. This letter also stated the decision of the county board as to the transfer of the named teachers remained unchanged.

The foregoing matters are set forth in the petition for the peremptory writ and, in addition, it is alleged that each of the teachers has acquired tenure under the Teacher Tenure Act, § 73–12–13, N.M.S.A., 1953, and that the actions of the county board violate the spirit and purpose of said act.

After the petition was filed two peremptory writs were issued, or attempted to be issued by the court, before the final writ was issued, it being amendatory of the previous writs. While point is made by plaintiffs-in-error of the sufficiency of the first two writs issued, in the view we take of the case only the sufficiency of the final writ is of concern. Neither is it necessary to notice questions raised concerning the procedure employed in procuring the issuance of the earlier writs.

Section 22–12–7, N.M.S.A., 1953, specifies the conditions under which a peremptory writ of mandamus may issue in the first instance:

"When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance; in all other cases the alternative writ shall be first issued."

Also to be noted are §§ 22–12–6 and 22–12–11, N.M.S.A., 1953, which provide, respectively:

"The writ is either alternative or peremptory. The alternative writ shall state concisely the facts showing the obligation of the defendant to perform the act, and his omission to perform it, and command him, that immediately after the receipt of the writ, or at some other specified time, he do the act required to be performed, or show cause before the court out of which the writ issued, at a specified time and place, why he has not done so; and that he then and there return the writ with his certificate of having done as he is commanded. The peremptory writ shall be in a similar form, except that the words requiring the

defendant to show cause why he has not done as commanded, shall be omitted."

"No other pleading or written allegation is allowed than the writ and answer. They shall be construed and amended in the same manner as pleadings in a civil action, and the issues thereby joined shall be tried and further proceedings had in the same manner as in a civil action."

This Court has several times held with respect to alternative writs of mandamus, that the allegations of fact in an application for such writ form no part of the writ and ordinarily cannot be so considered in determining the legal sufficiency of the writ. State ex rel. Burg v. City of Albuquerque, 1926, 31 N.M. 576, 249 P. 242; State ex rel. Heron v. Kool, 1943, 47 N.M. 218, 140 P.2d 737; Laumbach v. Board of County Commissioners, 1955, 60 N.M. 226, 290 P.2d 1067, 1071. In the last cited case it is stated:

"Once the proceeding is accepted as one in mandamus, then certain well-recognized rules emerge to control the consideration of the case. A most important one is that the case must be tried on the writ and answer. The complaint itself drops out of the picture and the writ must contain allegations of all facts necessary to authorize the relief sought. State ex rel. Burg v. City of Albuquerque, 31 N.M. 576,

249 P. 242. Furthermore, allegations in the writ should be made as in ordinary actions. Hence, the usual rules applicable in testing the sufficiency of a complaint in an ordinary civil action apply. The facts should be pleaded with the same certainty, neither more nor less. State ex rel. Burg v. City of Albuquerque, supra."

█ The requirement that the writ contain allegations of all facts necessary to authorize the relief sought applies with even greater reason to peremptory writs of mandamus issued in ex parte proceedings. Indeed, this conclusion is compelled by §§ 22–12–6 and 22–12–7, set forth above.

█ While plaintiffs-in-error urge upon us many deficiencies in the writ, we view one matter therein as decisive of the case. That matter respects recitations in the writ as to the action taken by the State Board of Education following the hearings held before it. The writ recites:

"* * * that it was the decision and finding of the State Board of Education that the action of the Mora County Board of Education in so transferring and re-assigning petitioners was without justification, and that petitioners should be reinstated in their former positions, and,

"Whereas, It further appears that the said Mora County Board of Education and * * * the members

thereof, have refused to abide by the decision of the State Board of Education and have refused to reinstate petitioners in their former positions, which they are in duty bound to do, and have so notified petitioners and the State Board of Education, * * *"

Nowhere in the writ is the actual decision or action of the state board set forth or otherwise described, nor does the writ attempt to incorporate the allegations of the petition within it, although the defendants-in-error urge the writ should be considered as incorporating these petitionary allegations and, in addition, that the action of the state board is a matter for judicial notice.

We are of opinion that the cause of the defendants-in-error is not aided either by considering the writ as supplemented by the allegations of the petition, if that were proper, or by exercising the power of taking judicial notice for the simple reason that the action taken by the state board was not in the nature of an order, but its character was recommendatory only.

By law a peremptory writ of mandamus may issue in the first instance only where "the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it." § 22–12–7, supra. As reflected by its minutes, the state board found "little justification for the action of the Mora County Board of Education" and *recom-*

*mended* that the members of the county board "reconsider their decision and reinstate the teachers in their former positions."

If definition be necessary, the word recommend means: To commend to the favorable notice of another; to put in a favorable light before anyone. A recommendation is not an act of final decisive power—it merely suggests the desirability of a course of action to be followed by another. People v. San Bernardino High School Dist., 1923, 62 Cal.App. 67, 216 P. 959; Ingard v. Barker, 1915, 27 Idaho 124, 147 P. 293; People ex rel. City of New York v. Woodruff, 1901, 166 N.Y. 453, 60 N.E. 28.

But little, if any, reflection is needed to see that a mere recommendation to reconsider an action and reinstate the teachers in their former posts must leave to the county board a residuum of decisional power, or a field in which it may yet exercise its choice one way or another. The performance of an act which is merely recommended by a superior authority is therefore not of such character that it may be compelled by the issuance of peremptory writ of mandamus.

Nor does the quality of the action by the state board become any more positive even if its finding of "little justification" for the county board's action could be viewed as equivalent to a finding of "no

justification" for the action (a view of highly doubtful validity), for such finding is not followed by an order to the county board. As in a judicial decree a finding of fact not followed by a mandatory statement is of no effect, Dunham v. Stitzberg, 1948, 53 N.M. 81, 201 P.2d 1000; Hollingsworth v. Hicks, 1953, 57 N.M. 336, 258 P.2d 724, so in this proceeding for issuance of a peremptory writ of mandamus where the act sought to be enforced must be based upon the clear direction of a state to a local authority, a bare finding of fact followed only by a recommendation of suggested · action does not afford sufficient predicate for the compulsion of the act.

In view of the determination made, it becomes unnecessary to pass upon other contentions made by plaintiffs-in-error raising questions as to the propriety of the issuance of the writ in ex parte proceedings; the applicability or non-applicability of provisions of our Teacher Tenure Act, supra; and the sufficiency of the affirmative vote of only two members of the State Board of Education to carry the motion described.

The peremptory writ of mandamus should be vacated and the cause is remanded to the District Court of Mora County with direction so to do and to dismiss the proceedings. It is so ordered.

COMPTON, C. J., and LUJAN, J., concur.

KIKER, J., not participating.

SADLER, Justice (dissenting).

The majority on rehearing have been persuaded the direction from State Board of Education to Mora County Board of Education amounted to no more than a recommendation and lacks the essentials of an order subject to enforcement by mandamus. This, in the face of the fact that the Mora County Board rejected it, not on the ground it lacked character as an "order," but, rather, because the motion for its adoption had not carried before the State Board by the necessary majority, McCormick v. Board of Education of Hobbs, 58 N.M. 648, 274 P.2d 299, to the contrary notwithstanding.

The questioned writing originated out of an appeal before State Board by · the four teachers who are defendants in error before us. It states action of the County Board in transferring these teachers was without legal justification and, continuing in the very language employed, "recommends to Mora County Board of Education that they reconsider their decision *and reinstate the teachers in their former positions.*" (Emphasis mine.)

The majority have ignored, completely, the italicized portion of the order. Simply because the State Board employed polite and courteous language in approaching the mandate of the writing, it is seized upon in the prevailing opinion to temper the steel in the language commanding the

local board what to do, namely, "reinstate the teachers in their former positions."

The State Board was authorized on this appeal to choose one of two alternatives, either affirm action of the County Board or reverse it. It had no statutory authority to do anything else. It chose the latter alternative by telling the local board *exactly what to do*. Under the circumstances, to treat the order of the State Board as a "recommendation" is to constitute its solemn action in this matter a meaningless "gesture"! The County Board, the State Board and the District Judge, all and each, interpreted the writing as an order. We should give the language the same interpretation. Compare Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315; Butler Paper Co. v. Sydney, 47 N.M. 463, 144 P. 2d 170; Schreiber v. Baca, 58 N.M. 766, 276 P.2d 902.

"The power to issue a peremptory writ of mandamus on an ex parte application where the right to require the performance of the act is clear and it is apparent no valid excuse can be given for not performing is recognized in our law both by the statute itself, 1953 Comp., § 22–12–7, and by decisions thereunder. See, Territory of New Mexico ex. rel. Coler v. Board of County Com'rs, 14 N.M. 134, 89 P. 252; Board of County Commissioners of Guadalupe County v. District Court, 29 N.M. 244, 251, 223 P. 516.

An emergent situation was presented to the trial judge when he acted in this matter. It was on the very eve of the fall opening of the public schools. It was of the highest importance that the personnel and placement of the teaching staff be set at rest. Thus confronted with a petition for the peremptory writ, the "right to the performance of the act being clear and there being apparent no valid excuse for not performing," the judge acted promptly and, in my opinion, quite correctly.

It is my belief that our decision, heretofore filed and today withdrawn, has gone far toward settling and clarifying the muddled situation in which the school system of Mora County finds itself. Today's majority action, reversing our previous position, simply stirs up dying embers and prolongs the heat of controversy. The learned trial judge who was on the ground and familiar with the local situation entered an order that was just and lawful. It rights a grave wrong and merits our affirmance. See Smith v. School Dist. No. 18, 115 Mont. 102, 139 P.2d 518.

As always in cases of this kind, it is the public school children of Mora County who become the innocent victims of this prolonged court fight. For the second year in succession on the eve of fall opening of the public schools, the controversy continues to rage undiminished. The

decision of the trial judge was calculated to end the controversy. In my opinion, he acted wisely, justly and lawfully. His judgment should be affirmed.

The majority ruling otherwise, I dissent.