715 P.2d 72

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Paul Charles LASKAY,**
**Defendant-Appellant.**

No. 8960.

Court of Appeals of New Mexico.

Jan. 28, 1986.

Janet E. Clow, Chief Public Defender, Lynne Fagan, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

The opinion previously issued is withdrawn by the Court on its own motion and the following opinion is substituted.

Defendant appeals from his conviction on two counts of distributing marijuana, contrary to NMSA 1978, Section 30–31–22 (Repl.Pamp.1980). This Court proposed summary affirmance, and defendant filed a timely memorandum in opposition. Finding defendant's argument unpersuasive, we affirm.

*Issues A, B, and C*

■ Defendant was indicted on two counts of distribution and one count of contributing to the delinquency of a minor. Defendant's docketing statement listed five issues, three of which center upon the alleged prejudice of the grand jury foreman, Mr. Kyle Gesswein. Defendant filed a pretrial motion to quash the indictment, alleging that, because Mr. Gesswein had previously worked as an assistant district attorney in the Third Judicial District, he was ineligible to serve as a grand juror. The motion recited that Mr. Gesswein, in his capacity as an assistant district attorney, may have prosecuted defendant or had information regarding a previous prosecution of defendant. The motion further alleged that during the grand jury proceedings, Mr. Gesswein, as grand jury foreman, asked to see defendant's entire sentencing report from a prior conviction where defendant had sought to introduce only a portion of the report. Defendant contends he was prejudiced by Mr. Gesswein's role in the proceedings and, as proof of this prejudice, he points to the fact that he was indicted for the untargeted charge of contributing to the delinquency of a minor, in addition to the two targeted counts of distributing. Defendant, however, does not challenge the sufficiency of the evidence to support the indictment. In addition, it should be observed that the state subsequently entered a nolle prosequi as to the contributing charge.

We agree with defendant that his motion to quash the indictment was timely filed. *See State v. Elam,* 86 N.M. 595, 526 P.2d 189 (Ct.App.1974). However, we affirm the trial court's denial of defendant's motion to quash the indictment. The qualifications for grand jurors are fixed by statute. They pertain to legal qualifications,

such as residence, age, and health. NMSA 1978, § 38–5–1 et seq. (Orig.Pamp. and Cum.Supp.1985). Challenges to the validity of the grand jury are specifically limited by statute to three enumerated grounds: (1) that the grand jury was not legally constituted; (2) that an individual grand juror was not legally qualified to serve as a juror; and (3) that an individual juror was a witness against the person indicted. NMSA 1978, § 31–6–3 (Repl.Pamp.1984). No provision is made for challenges based on the bias of individual jurors, or for any cause other than lack of legal qualifications. To the contrary, in 1969, the New Mexico Legislature repealed provisions in the prior statute which permitted challenges to individual grand jurors on the basis of bias. NMSA 1953, Repl.Vol. 6 (1964), Section 41–5–3. *See* 1969 N.M.Laws 276. The repealed language allowed for challenge of individual jurors upon a showing "[t]hat a state of mind exists on his part in reference to the case, or either party, which satisfies the court, in the exercise of a sound discretion, that he cannot act impartially and without prejudice to the substantive rights of the party challenging." The current law accords with the general and widely prevailing rule that bias or prejudice on the part of an individual grand juror furnishes no ground of attack on an indictment that is sufficient on its face. *See Indictments and Informations*, 42 C.J.S. § 207 (1944). This is because a grand jury does not determine guilt or innocence, but merely determines whether an accused should be brought to trial. *See United States v. Knowles*, 147 F.Supp. 19 (D.C.1957), in which the court characterized the grand jury as "purely an accusatory body." *See also State v. McGill*, 89 N.M. 631, 556 P.2d 39 (Ct.App.1976). The court in *Knowles* quoted with approval from *Commonwealth v. Woodward*, 157 Mass. 516, 32 N.E. 939 (1893), in which it stated:

"It is always considered that, in finding indictments, grand jurors may act upon their own knowledge, or upon the knowledge of one or more of their number. It is accordingly held in most jurisdictions that it is no objection to the validity of an indictment that one or more of the grand jurors, who were otherwise qualified, had formed or expressed an opinion of the guilt of the accused."

In *Buzbee v. Donnelly*, 96 N.M. 692, 634 P.2d 1244 (1981), the Supreme Court reaffirmed the long-standing rule first stated in *State v. Chance*, 29 N.M. 34, 221 P. 183 (1923), that in the absence of statutory authority the courts are "without power" to look behind an indictment, duly returned into court and regular upon its face. In this case, defendant's challenge is to the alleged bias of an individual grand juror and to the possibility that improper and prejudicial evidence was presented to the grand jury. As indicated by the foregoing, and under the facts of this case, New Mexico courts are without authority to consider such challenges.

However, what we have said does not preclude a challenge as that alluded to in *State v. Watkins*, 92 N.M. 470, 590 P.2d 169 (Ct.App.1979), where we stated:

We assume there could be situations where grand jurors would be so prejudiced against a person that the jurors would be ineligible to serve because an indictment by jurors so prejudiced would violate their oath to " 'indict no person through malice, hatred or ill will' ".

*Issues D and E*

■■■ Defendant also challenged the sufficiency of the evidence in support of his conviction and the trial court's denial of presentence credit for time served pursuant to a prior unrelated conviction. As stated in our calendaring notice, Agent Jaramillo's testimony that defendant sold him marijuana on two occasions was substantial evidence in support of the verdict. *State v. Tovar*, 98 N.M. 655, 651 P.2d 1299 (1982). Further, NMSA 1978, Section 31–20–12 (Repl.Pamp.1981) does not authorize credit for presentence confinement that is not actually related to the charges of the particular offense. *State v. Ramzy*, 98 N.M. 436, 649 P.2d 504 (Ct.App.1982).

Affirmed.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.